SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
JEANNIE KIM, Cal. Bar No. 270713
GIANNA SEGRETTI, Cal. Bar No. 32364
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail    okatz@sheppardmullin.com
    jekim@sheppardmullin.com
    gsegretti@sheppardmullin.com

[Proposed] Attorneys for
Debtors and Debtors in Possession

The following constitutes the order of the Court.
Signed: September 22, 2020



_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>☐ SIZZLER USA ACQUISITION, INC., a Delaware corporation<br>☐ SIZZLER USA HOLDINGS, INC., a Delaware corporation<br>☐ SIZZLER USA FINANCE, INC., a Delaware corporation.<br>☐ WORLDWIDE RESTAURANT CONCEPTS, INC., a Delaware corporation<br>☐ SIZZLER USA, INC., a Delaware corporation<br>☐ SIZZLER USA FRANCHISE, INC., a Delaware corporation<br>☐ SIZZLER USA REAL PROPERTY, INC., a Delaware corporation<br>☐ SIZZLER USA RESTAURANTS, INC., a Delaware corporation<br>☒ ALL DEBTORS,<br><br>    Debtors and<br>    Debtors in Possession. | Case No. 20-30748<br><br>Joint Administration Requested with Case Nos. 20-30746, 20-51400, 20-51401, 20-51402, 20-51403, 20-51404, and 20-51405<br><br>Chapter 11<br><br>**INTERIM ORDER AUTHORIZING DEBTORS TO HONOR PREPETITION OBLIGATIONS TO EMPLOYEES**<br><br>Judge:    Hon. M. Elaine Hammond<br>Date:    September 22, 2020<br>Time:    9:30 a.m.<br>Place:    Videoconference via Zoom Only |

    The *Debtors' Emergency First Day Motion for Order Authorizing Debtors to Honor Prepetition Obligations to Employees* (the "Motion"), filed by Sizzler USA Acquisition, Inc. ("SUSAA"), Sizzler USA Holdings, Inc. ("SUSAH"), Sizzler USA Finance, Inc. ("SUSAFI"), Worldwide Restaurant Concepts ("WRC"), Sizzler USA Inc. ("SUSA"), Sizzler USA Franchise, Inc. ("SUSAFR"), Sizzler USA Real Property, Inc. ("SUSARP"), and Sizzler USA Restaurants,

Inc. ("SUSAR," collectively the "Debtors"), filed with the Court at Docket No. 8 on September 21, 2020, came on for emergency hearing before the Honorable M. Elaine Hammond, United States Bankruptcy Judge, on September 22, 2020, at 9:30 a.m. Appearances were as noted on the record. Based upon the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, including the *Supplemental Declaration of Christopher Perkins in Support of Debtors' First Day Motion for Order Authorizing Debtors to Honor Prepetition Obligations to Employees* filed with the Court at Docket No. 16, the arguments of counsel at the hearing on the Motion, and all pleadings and evidence of record in this case,

**IT IS HEREBY ORDERED that:**

1. The Motion is GRANTED on an interim basis. Capitalized terms not defined in this Interim Order shall have the meanings given to them in the Motion.

2. SUSAR is authorized, but not required, in its sole discretion:

    (a) to pay the prepetition wages and salaries owed to its Employees, including payroll and reimbursement requests in an amount up to the cap of $13,650 per Employee under section 507(a)(4) of the Bankruptcy Code (except as otherwise noted in the Motion); and

    (b) to pay any prepetition claims arising from SUSAR's employee benefit plans and programs and otherwise honor, in the ordinary course of business, existing employee benefit plans and programs and paid time off accruals, including medical and dental benefits and all related costs and expenses, as such policies were in effect as of the commencement of this Case, even if so doing involves honoring prepetition claims.

3. All Banks and other financial institutions are authorized and directed to receive, process, honor, and negotiate all checks drawn on, and transfers made from, the Debtors' accounts and presented for payment on account of the Debtors' wage, salary, expense reimbursement, and employee benefit plan or program obligations. The Banks shall not be liable to any party on account of: (a) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (b) the honoring of any prepetition checks, drafts, wires, or ACH Payments in a good faith belief or upon a representation by the

Debtors that the Court has authorized such prepetition check, draft, wire, or ACH Payments; or (c) an innocent mistake made despite implementation of reasonable handling procedures.

4. Notwithstanding anything to the contrary contained in this Interim Order, any payment made or other action taken by the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to any final orders regarding the Debtors' use of cash collateral approved by this Court in these Chapter 11 Cases (the "<u>Cash Collateral Order</u>").

5. In the event of any inconsistency between the terms or conditions of this Interim Order and the terms or conditions of the Cash Collateral Order, the provisions of the Cash Collateral Order shall govern and control.

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

10. A final hearing to consider the relief requested in the Motion shall be held on October 27, 2020, at 10:15 a.m. (prevailing Pacific Time), and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to October 13, 2020. The Debtors' reply to any objection or response shall be filed and served so as to be actually received on or prior to October 20, 2020.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**\* \* \* END OF ORDER \* \* \***

**Court Service List**

Registered ECF Participants only.