☒  Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11       02/20

# Sizzler USA Acquisition, Inc., Sizzler USA Holdings, Inc., Sizzler USA Finance, Inc., Worldwide Restaurant Concepts, Sizzler USA Inc., Sizzler USA Franchise, Inc., Sizzler USA Real Property, Inc., and Sizzler USA Restaurants, Inc.'s[1] Second Amended Plan of Reorganization, Dated January 2, 2021

**Background for Cases Filed Under Subchapter V**

**A.  Description and History of the Debtor's Business**

1.  Executive Summary.  Under this Amended Plan of Reorganization (the "Plan"), the Debtors present two possible scenarios.  Under the first scenario ("Scenario A") it is estimated that just over $1.9 million of general unsecured claims are impaired, primarily consisting of a handful of landlords, an equipment supplier, and certain essential trade vendors (collectively, the "Impaired GUCs").

At a projected recovery of 17% under Scenario A, the Impaired GUCs fare **significantly** better than they would if the Debtors' cases converted to ones under chapter 7 of the Bankruptcy Code[2] and required liquidation of all of their assets.  Indeed, in a chapter 7 scenario, the Impaired GUCs can expect to receive either no return at all (if the Debtors are not substantively consolidated) or, at most, 3% on account of their claims if the Debtors are substantively consolidated.

The second scenario presented in this Plan ("Scenario B") takes into account a "worst case scenario" situation, which the Debtors contemplate would include a determination that $2.1 million of the $3.9 million loan (the "PPP Loan") SUSAR obtained through the federal Payment Protection Program not be forgiven.  Under such Scenario B, the Plan provides for treatment of the bank lender for the PPP Loan as an Impaired GUC and anticipates that all Impaired GUCs would receive a recovery of 8.3% of their allowed non-priority unsecured claims.  Impaired

---

[1] Sizzler USA Acquisition, Inc. ("SUSAA"), Sizzler USA Holdings, Inc. ("SUSAH"), Sizzler USA Finance, Inc. ("SUSAFI"), Worldwide Restaurant Concepts ("WRC"), Sizzler USA Inc. ("SUSA"), Sizzler USA Franchise, Inc. ("SUSAFR"), Sizzler USA Real Property, Inc. ("SUSARP"), and Sizzler USA Restaurants, Inc. ("SUSAR") are collectively referred to in this Plan as the "Debtors").

[2] Unless otherwise indicated, all section references in this Plan shall be to title 11 of the United States Code (the "Bankruptcy Code").

GUCs still fare better under Scenario B than they would in a liquidation under chapter 7.  All other creditors are either unimpaired or have consented to the treatment afforded to them under the Plan.

2.   Introduction.  The Debtors, as debtors and debtors in possession, propose this joint plan of reorganization under subchapter V of chapter 11 of the Bankruptcy Code (the "Plan"). Pursuant to an order of the Bankruptcy Court, the Debtors' cases are jointly administered only for procedural purposes.  This Plan constitutes a separate subchapter V, chapter 11 plan for each Debtor and, unless otherwise indicated herein, the classification and treatment of Claims and Interests apply to each individual Debtor.

Pursuant to General Order 37 issued on January 30, 2020, by the Hon. Charles Novack, Chief Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of California, and the Court's *Order Setting (A) Status Conference; (B) Claims Bar Date; (C) Deadline for Election Under 11 U.S.C. § 1111(b)(2); and (D) Other Deadlines (For Use Only in Cases under Subchapter V of Chapter 11)* [Docket No. 38], the Debtors have prepared and submit this Plan and provide the below description and history of their business operations, liquidation analysis, and projections in accordance with section 1190 of the Bankruptcy Code.

3.   Brief History of the Debtors' Business.  Through several separate entities, SUSAA operates its business of franchising and operating "Sizzler" branded family-style restaurants throughout the United States, including in Puerto Rico (the "Business").  In 1958, the Debtors (through their respective predecessors in interest) first opened as "Del's Sizzler Family Steak House," with a menu focused on grilled steaks.  Later, as the company grew, the restaurant menu expanded to include other items, including Sizzler's famed "Salad Bar."

The Debtors' current corporate structure in both graphic and narrative form is as follows:



a. <u>Sizzler USA Acquisition, Inc.</u>  SUSAA is the ultimate parent company.  It was incorporated as a Delaware corporation on May 27, 2011.  On June 7, 2011, SUSAA purchased a predecessor entity, Sizzler Holdings, Inc., which formerly was called US Holdco, Inc., until a name change took place on August 23, 2011.

b. <u>Sizzler USA Holdings, Inc.</u>  SUSAH was incorporated in Delaware on May 11, 2005.  Sizzler USA Holdings, Inc., owns 100% of the shares in Sizzler USA Finance, Inc.

c. <u>Sizzler USA Finance, Inc.</u>  SUSAFI was incorporated in Delaware on May 11, 2005, as Bidco, Inc.  It changed its name to Sizzler USA Finance, Inc., on February 17, 2006.  SUSAFI is the owner of 100% of the shares in Worldwide Restaurant Concepts, Inc.

d. <u>Worldwide Restaurant Concepts, Inc.</u>  WRC was incorporated in Delaware as Collins Foods, Inc., on January 18, 1991.  WRC changed its name to Sizzler International, Inc., on May 6, 1991, and then to Worldwide Restaurant Concepts, Inc., on August 31, 2001.  On September 21, 2005, WRC merged with US Mergeco, Inc., a Delaware corporation, leaving WRC as the sole surviving entity of that merger.  The prior owner of US Mergeco was Aus Bidco Pty Limited (an Australian company), which in turn was owned by Aus Holdco Pty Limited (also an Australian company).  As a result of the merger, the new owner of WRC was Aus Bidco Pty Limited.

    i.  In September and October 2005, transactions occurred whereby:

    (1)  the shares in WRC were transferred from Aus Bidco Pty Limited to SUSAFI (f/k/a US Bidco, Inc.);

    (2)  all assets previously held by WRC were transferred to Australian-owned entities, including shares of all other subsidiary entities except for those in Sizzler USA, Inc. (f/k/a Sizzler USA Holdings, Inc.); and

    (3)  certain liabilities were retained by WRC, including certain contingent and unliquidated liabilities for a supplemental executive retirement plan ("SERP") described below.

WRC owns 100% of the shares in Sizzler USA, Inc.

    ii.  <u>Supplemental Executive Retirement Plan (SERP).</u>

    (1)  <u>Contingent and Unliquidated Liability.</u>  The Debtors – through WRC – maintain a SERP, pursuant to which the Debtors' liability is contingent and unliquidated. WRC is responsible for payments to certain former employees (the "SERP Beneficiaries") until such time that each of the Beneficiaries dies.  Prepetition, the Debtors obtained an actuarial valuation of the SERP liability, which valued the liability at $7,801,001.  The SERP liability valuation is inversely correlated to the prevailing market interest rate, which means that as interest decreases, the value of the liability increases.

    (2)  <u>Payments to SERP Beneficiaries.</u> Under the SERP, the Debtors currently are liable to seven SERP Beneficiaries.  Prepetition, the Debtors made biweekly payments in the aggregate amount of $33,173.46 to the Beneficiaries.  Early in the coronavirus pandemic, the Debtors suspended those biweekly payments but recommenced them after receipt of a Paycheck Protection Program (SBA) loan. As

Case: 20-30748   Doc# 114   Filed: 01/02/21   Entered: 01/02/21 19:50:37   Page 3 of 41

of July 16, 2020, the Debtors were current on their SERP liability; however, the Debtors again suspended payments on July 17, 2020.

(3)     Guaranty of the SERP.  On June 7, 2011, James A. and Carol L. Collins, individually and as co-trustees of The Collins Family Trust, entered into that certain Guaranty dated June 7, 2011 (the "Guaranty"), pursuant to which the Collinses and The Collins Family Trust agreed to guarantee to each of the SERP Beneficiaries all obligations and liabilities under the SERP for the payment of monthly retirement benefits, in the form of joint and survivor annuities.  Accordingly, in the event that WRC is ever unable to fulfill its obligations under the SERP, the SERP Beneficiaries may seek to enforce the Guaranty against the Collinses and The Collins Family Trust.

e.     Sizzler USA, Inc.  SUSA is a Delaware corporation that was incorporated as Sizzler USA Holdings, Inc., on May 6, 1997.  That entity changed its name on May 29, 1997, to "Sizzler USA, Inc."  SUSA owns all shares in Sizzler USA Franchise, Inc.; Sizzler USA Real Property, Inc.; and Sizzler USA Restaurants, Inc.

f.     Sizzler USA Franchise, Inc.  SUSAFR is a Delaware corporation formed on May 6, 1997, as Sizzler USA Restaurants, Inc.  It later changed its name to Sizzler USA Franchise, Inc.  This entity holds all of the franchise agreements of the Business.  SUSAFR also is the registered owner of Sizzler trademarks and other intellectual property.

g.     Sizzler USA Real Property, Inc.  SUSARP is a Delaware corporation incorporated on May 6, 1997.  This entity is the party to all current unexpired, nonresidential real property leases of the Business except for Store 1233 in Santa Clarita, California.

h.     Sizzler USA Restaurants, Inc.  SUSAR is a Delaware corporation incorporated on August 13, 1985, as Sizzler Restaurants International, Inc.  This is the operating entity for all company-owned restaurants.  SUSAR also operates a support center and test kitchen facility in California for the company-owned restaurants and operations related to the other Debtors' franchise businesses.  It employs all of the Debtors' employees, including support center staff (collectively, the "Employees").  In 1997, it changed its name to Sizzler USA Restaurants, Inc.

i.     Carson Sizz, LLC ("Carson Sizz").

i.     Ownership.  Carson Sizz, LLC, was specially formed to facilitate a "partnership" franchise operating model for one store in Carson, California.  Initially, the owners of this company were Kevin W. Perkins, James A. Collins and a former Sizzler CEO, Kerry Kramp, in equal shares.  As part of the restructure of the company following the conclusion of Kerry Kramp's employment in May 2019, Kevin Perkins purchased Mr. Kramp's ⅓ share in the company.  On October 3, 2019, Kevin Perkins transferred three units of Carson Sizz to the Debtors' current President and Chief Strategy Officer, Christopher Perkins.  Carson Sizz is not a Debtor.

ii.     Franchise Agreement.  SUSAFR has a franchise agreement with Carson Sizz.  SUSAFR charges Carson Sizz a 2% management fee (in addition to standard royalties) in consideration for handling all operations of the store.

SMRH:4816-9870-4085.2
Case: 20-30748     Doc# 114     Filed: 01/02/21     Entered: 01/02/21 19:50:37     Page 4 of 41

iii. <u>Employees.</u>  Carson Sizz employs 26 employees, ten of whom work full time. SUSAR pays for certain employee benefits, including medical and dental benefits, for these individuals.

iv. <u>Carson Sizz Loan.</u>  SUSAA is the borrower under a revolving credit facility with Carson Sizz.  Currently, SUSAA owes to Carson Sizz $200,000.

4. <u>The Debtors' Ownership</u>.  The current shareholders of SUSAA are:

a.  Perkins US Financial Services Pty Ltd ATF and KPUS Trust, which, together, own 1,229,722 shares of Common Stock (75.46%); and

b.  James A. & Carol Collins as trustees of the Collins Family trust, which owns 400,000 shares of Common Stock (24.54%).

5. <u>The Debtors' Outstanding Loan Obligations</u>.  The Debtors' outstanding loan obligations are as follows:

| **Borrower** | **Payee** | **Principal Amount Owed** | **Maturity** | **Main Payment Terms** |
|---|---|---|---|---|
| Sizzler USA Acquisition, Inc. | James A. Collins, as trustee for Collins Family Trust | $300,000 | On demand | Interest only – 1% (quarterly payments) |
| Sizzler USA Acquisition, Inc. | James A. Collins, as trustee for Collins Family Trust | $800,000 | On demand | Interest only – 1% (quarterly payments) |
| Sizzler USA Acquisition, Inc. | Perkins US Investment Corporation Pty Ltd | $600,000 | April 1, 2020 | Interest only – 6% (quarterly payments)  *Unpaid interest forgiven* |
| Sizzler USA Acquisition, Inc. | Perkins US Investment Corporation Pty Ltd | $547,500 | April 1, 2020 | Interest only – 6% (quarterly payments)  *Unpaid interest forgiven* |
| Sizzler USA Acquisition, Inc. | Perkins US Investment Corporation Pty Ltd | $200,000 | April 1, 2020 | Interest only – 6% (quarterly payments)  *Unpaid interest forgiven* |

Case: 20-30748   Doc# 114   Filed: 01/02/21   Entered: 01/02/21 19:50:37   Page 5 of 41

| Borrower | Payee | Principal Amount Owed | Maturity | Main Payment Terms |
|---|---|---|---|---|
| Sizzler USA Acquisition, Inc. | Kevin Perkins and Laura Perkins, as trustees for The K&L Perkins Super Fund | $385,000 | On Demand | |
| Sizzler USA Acquisition, Inc. | Carson Sizz, LLC | $200,000 | 14 days after written notice of termination | |
| Sizzler USA Acquisition, Inc. | Kevin Perkins, an individual | $52,000 | On Demand | |
| All Debtors | Kevin Perkins, an individual* | $200,000 | December 31, 2020 or 14 days after entry of Bankruptcy Court order authorizing repayment | |
| Sizzler USA Restaurants, Inc. | JPMorgan Chase Bank, N.A. | $2,100,000** | 2 years, provided that payments will be deferred while SUSAR applies for loan forgiveness | 24 monthly payments at 1% interest, or monthly payments of $164,677.11, commencing after denial of forgiveness |
| | Total | $5,384,500.00 | | |

*This is the only secured loan obligation of any of the Debtors.

**This is the outstanding principal amount for which the Debtors forecast they would be responsible under the worst case scenario should they not receive forgiveness of their original PPP Loan of $3,911,377 in full. The Debtors believe that they have met all requirements for total forgiveness of the PPP Loan, and as a result, the $2,100,000 listed as outstanding principal owed is contingent.

6. <u>PPP Loan.</u> On April 13, 2020, SUSAR obtained a loan of $3,911,377 from JPMorgan Chase Bank, N.A. ("Chase"), with whom it regularly banks, through the Payment Protection Program (the "PPP"), which was part of the Coronavirus Aid, Relief, and Economic Security Act. Throughout the first 16 weeks of the 24-week loan period, the Debtors spent approximately $2,865,925 of its PPP Loan proceeds on eligible liabilities, 94% of which ($2,696,077.17) the Debtors spent on payroll-related expenses. Prior to the Petition Date, the Debtors spent the balance of the PPP Loan proceeds. The Debtors believe they have complied with all PPP requirements and expect that SUSAR will obtain full forgiveness of the PPP Loan. The Debtors are currently working with Chase to process their application for forgiveness of the PPP Loan. The Debtors believe that under a "worst case scenario" as related to the disposition of the PPP Loan, there would be a determination that $2.1 million of the PPP Loan is ineligible for forgiveness and due and owing to Chase. The PPP Loan therefore is a contingent liability, which is reflected in the Scenario B liquidation analysis

Case: 20-30748    Doc# 114    Filed: 01/02/21    Entered: 01/02/21 19:50:37    Page 6 of 41

treating Chase as a non-priority unsecured claimant, and which Scenario B would be implemented only if the PPP Loan is not fully forgiven.

7.  Events Precipitating the Debtors' Chapter 11 Petitions.  The events precipitating the Debtors' cases are now a familiar story.  The global coronavirus pandemic and resulting orders issued by state, county, and city officials prohibiting restaurants from providing customers with dine-in services has decimated the Debtors' retail dining operations.  Due to the pandemic, SUSAR has had to cease operating its company-owned restaurant locations at least twice.  Thereafter, once authorized to resume retail dining services, the Debtors have tried to adapt and provide dining services that range from take-out to outdoor dining to third-party delivery services.  However, as Sizzler's menu, and in particular its famed self-service Salad Bar (from which Sizzler restaurants derive upwards of 40% of their revenue), is neither targeted toward nor as adaptable to carry-out and delivery as other restaurants' menus, both company- and franchisee-owned restaurant locations have been struggling.

Indeed, the COVID-19 crisis has blighted the restaurant sector of the economy, especially restaurants like Sizzler that rely on serving guests primarily indoors.  For the past six months, the Debtors have implemented drastic cost-cutting measures while making every effort to maximize sales as permitted by state and local authorities.  Nevertheless, these unprecedented times and the resulting economic damage to the American restaurant and hospitality industry have not spared the Debtors.

In addition to the current challenges to the Debtors' traditional fare, however, many of the company-owned restaurant locations were struggling pre-pandemic.  A variety of reasons, including recent increases to labor costs and local taxes have made it difficult for the Debtors to maintain profitability.  Unable to operate at full capacity and subject to uncertainty for the foreseeable future, the Debtors have been unable to maintain cash flow sufficient to meet all of their financial obligations.  Ultimately, the dramatic decline in revenues forced the Debtors to seek relief under subchapter V of chapter 11 of the Bankruptcy Code.  The Debtors must now reorganize their liabilities and obtain an infusion of new operating funds, either in the form of loans, equity or both.  The liabilities to restructure under this Plan include business loans, real property leases, certain obligations to former executive employees, and trade debt.  The Debtors also intend to close some company-owned restaurants and already have rejected or intend to reject through this Plan real property leases related to the company-owned restaurants.

7.  The Debtors' Franchise Business.  SUSAFR, as franchisor, is party to certain franchise, license, and sublicense agreements (collectively, the "Franchise Agreements") with 34 franchisees and sublicensees, which Franchise Agreements govern the operation of 98 franchisee-owned and operated restaurants.  Pursuant to the Franchise Agreements, the franchisees collectively owe to SUSAFR approximately $617,716 for outstanding royalties and Production & Marketing Fund fees.

The Debtors do not have any monetary obligations to any franchisee.  Pursuant to the Plan, the Debtors will assume all of the Franchise Agreements and continue performing all of their obligations thereunder.  Thus, no franchisee, licensee, or sublicensee is a creditor of SUSAFR or any other Debtor.  Accordingly, this Plan neither classifies nor provides for the treatment of franchisees, licensees, or sublicensees, except for the assumption of the Franchise Agreements. The franchisees are unimpaired under the Plan.

Case: 20-30748    Doc# 114    Filed: 01/02/21    Entered: 01/02/21 19:50:37    Page 7 of 41

## B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. As noted above, the Debtors have prepared two liquidation analyses to account for (1) the scenario in which the PPP Loan is forgiven in full and (2) what the Debtors believe would be the "worst case scenario," wherein $2.1 million of the PPP Loan is not forgiven. The Scenario A liquidation analysis is attached to the Plan as Exhibit **A-1** and the Scenario B liquidation analysis is attached to the Plan as Exhibit **A-2**.

## C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information applicable under both Scenario A and Scenario B as Exhibit **B**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $337,000.

The final Plan payment is expected to be paid on **December 31, 2025**.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan under chapter 11 of the Bankruptcy Code proposes to pay creditors of each Debtor from the second tranche of the DIP Loan and cash flow and future income from operations**.**

This Plan provides for:

| | |
|---|---|
| 1 | class of priority claims; |
| 3 | classes of secured claims; |
| 10 | classes of non-priority unsecured clams; and |
| 2 | classes of equity security holders. |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **seventeen cents** on the dollar for Scenario A, and approximately **eight cents** on the dollar for Scenario B. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

## Article 2: Classification of Claims and Interests

| | | | |
|---|---|---|---|
| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). | |
| | | Accrued but unliquidated employee wages, salaries, commissions, and benefits | $250,930.74 |
| 2.02 | **Class 2** | The secured claims of the following lenders, to the extent allowed as a secured claim under § 506 of the Code. | |
| | | (a) Kevin Perkins | up to $2,000,000 |
| | | (b) U.S. Bank | $119,104.17 |
| | | (c) Royal Bank America Leasing, L.P., fka Harbour Capital | $14,891.42 |
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code. | |
| | | (a) Essential trade vendors (Sysco Corporation, P & R Paper Supply Co., Inc., and Worldwide Produce) | $1,119,798.92 |
| | | (b) General Trade Creditors | $310,318.79 |
| | | (c) Counterparties to Assumed Contracts | $531,986.81 |
| | | (d) Rejection Damages Claims | $1,208,040.00 |
| | | (e) Certain Beneficiaries under the Senior Executive Retirement Plan (the "SERP") | $199,040.76 |
| | | (f) James A. Collins in his individual capacity as a Beneficiary under the Senior Executive Retirement Plan (the "SERP") | $50,787.10 |
| | | (g) James A. and Carol L. Collins, as trustees for the Collins Family Trust | $1,108,000 |
| | | (h) Unsecured Claims of Insiders | $2,899,500.00 |
| | | (i) Unsecured Claim of Carson Sizz LLC | $200,000.00 |
| | | (j) Unsecured Claim of JPMorgan Chase Bank, N.A.* | $2,100,000.00 |

| | | | Total Shares | Total Percentage Interest |
|---|---|---|---|---|
| 2.04 | **Class 4** | Equity interests of the Debtor SUSAA | | |
| | | (a) Perkins US Financial Services Pty Ltd as trustee for the KPUS Trust | 1,229,722 | 75.46% |
| | | (b) James A. & Carol Collins, as trustees of the Collins Family Trust | 400,000 | 24.54% |

*Class 3(j)'s claim of $2,100,000 is contingent upon whether the PPP Loan is forgiven in full.

Case: 20-30748    Doc# 114    Filed: 01/02/21    Entered: 01/02/21 19:50:37    Page 9 of 41

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid on account of their allowed claim regular installment payments consistent with section 1129(a)(9)(C). |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

## Article 4: Treatment of Claims and Interests Under the Plan

**4.01   Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority Claims excluding those in Article 3** | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of an allowed Class 1 Priority Claim will retain its interests in the unliquidated value of its claims as set forth in the Debtors' standard employment practices on the date on which such claim is allowed by a final non-appealable order.<br><br>Holders of allowed Class 1 Priority Claims are unimpaired and deemed to accept the Plan. |
| Class 2(a) – **Secured Claim of Kevin Perkins.** | Unimpaired | Class 2(a) is unimpaired by this Plan, and each holder of an allowed Class 2(a) Secured Claim will retain its interests under the relevant agreements, including security agreements, by and between the Debtors and Kevin Perkins.<br><br>Holders of allowed Class 2(a) Secured Claims are unimpaired and deemed to accept the Plan. |

SMRH:4816-9870-4085.2

Case: 20-30748    Doc# 114    Filed: 01/02/21    Entered: 01/02/21 19:50:37    Page 10 of 41

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 2(b) – **Secured Claim of U.S. Bank.** | Unimpaired | Class 2(b) is unimpaired by this Plan, and each holder of an allowed Class 2(b) Secured Claim will retain its interests under the relevant agreements, including security agreements, by and between the Debtors and U.S. Bank.<br><br>Holders of allowed Class 2(b) Secured Claims are unimpaired and deemed to accept the Plan. |
| Class 2(c) – **Secured Claim of Royal Bank America Leasing, L.P.** | Unimpaired | Class 2(c) is unimpaired by this Plan, and each holder of an allowed Class 2(c) Secured Claim will retain its interests under the relevant agreements, including security agreements, by and between the Debtors and Royal Bank America Leasing, L.P.<br><br>Holders of allowed Class 2(c) Secured Claims are unimpaired and deemed to accept the Plan. |
| Class 3(a) – **Non-Priority Unsecured Essential Trade Creditors** | Impaired | Class 3(a) is impaired by this Plan. Each holder of an allowed Class 3(a) Non-Priority Unsecured Essential Trade Claim will retain its claim as holders of allowed Class 3(a) Non-Priority Unsecured Essential Trade Claims will receive payment of their claims in full over the term of the Plan or as agreed.<br><br>Holders of allowed Class 3(a) Non-Priority Unsecured Essential Trade Claims are impaired and entitled to vote on the Plan. |
| Class 3(b) – **Non-Priority Unsecured Trade Creditors** | Unimpaired | Class 3(b) is unimpaired by this Plan, and each holder of an allowed Class 3(b) Non-Priority Unsecured Trade Claim will be paid in full, in cash, upon the later of the Effective Date of this Plan, or the date on which such claim is allowed by a final non-appealable order.<br><br>Holders of allowed Class 3(b) Non-Priority Unsecured Trade Claims are unimpaired and deemed to accept the Plan. |

SMRH:4816-9870-4085.2

| Class | Impairment | Treatment |
|---|---|---|
| Class 3(c) – **Non-Priority Unsecured Creditors that are counterparties to executory contracts to be assumed by this Plan or in the Debtors' bankruptcy cases** | Unimpaired | Class 3(c) is unimpaired by this Plan, and each holder of an allowed Class 3(c) Non-Priority Unsecured Cure Claim will be paid its agreed upon cure claim, as set forth on the schedule attached hereto as **Exhibit C,** in full, in cash, upon the later of the Effective Date of this Plan, or the date on which such claim is allowed by a final non-appealable order.  Notwithstanding the foregoing, the Debtors reserve their rights to (1) modify Exhibit C and remove contracts until the Effective Date of the Plan and (2) file a separate motion to assume or reject certain unexpired executory contracts until the Effective Date of the Plan.  To the extent that the Debtors modify Exhibit C, they will file an appropriate notice of modification prior to the Effective Date.<br><br>Holders of allowed Class 3(c) Non-Priority Unsecured Cure Claims are unimpaired and deemed to accept the Plan. |
| Class 3(d) – **Non-Priority Unsecured Creditors that are counterparties to executory contracts to be rejected by this Plan or in the Debtors' bankruptcy cases** | Impaired | Class 3(d) is impaired by this Plan, and each holder of an allowed Class 3(d) Non-Priority Unsecured Rejection Damages Claim will receive a pro rata distribution of the Debtors' Projected Disposable Income over the term of the Plan.<br><br>Holders of allowed Class 3(d) Non-Priority Unsecured Rejection Damages Claims are impaired and entitled to vote on the Plan. |
| Class 3(e) – **Non-Priority Unsecured Creditors who are participants in the SERP, other than James A. Collins.** | Unimpaired | Class 3(e) is unimpaired by this Plan, and each holder of an allowed Class 3(e) Non-Priority Unsecured SERP Claim will retain his or her interest in the SERP.  WRC will assume the SERP and resume their payment obligations under the SERP beginning on or before June 17, 2021, in accordance with the terms of the SERP.<br><br>Holders of allowed Class 3(e) Non-Priority Unsecured SERP Claims are unimpaired and deemed to accept the Plan. |
| Class 3(f) – **Non-Priority Unsecured Creditor and SERP participant James A. Collins.** | Impaired | Class 3(f) is impaired by this Plan, and each holder of an allowed Class 3(f) Non-Priority Unsecured Claim has agreed to forego his claims under the SERP.<br><br>Holders of allowed Class 3(f) Non-Priority Unsecured SERP Claims are impaired and entitled to vote on the Plan. |

Case: 20-30748    Doc# 114    Filed: 01/02/21    Entered: 01/02/21 19:50:37    Page 12 of 41

| Class | Impairment | Treatment |
|-------|------------|-----------|
| Class 3(g) – **Non-Priority Unsecured Lender James A. and Carol L. Collins as trustees for The Collins Family Trust** | Impaired | Class 3(g) is impaired by this Plan, and each holder of an allowed Class 3(g) Non-Priority Unsecured Loan Claim has agreed to forgive its respective loan to the Debtors.<br><br>Holders of allowed Class 3(g) Non-Priority Unsecured Loan Claims are impaired and entitled to vote on the Plan. |
| Class 3(h) – **Non-Priority Unsecured Lenders Perkins US Investment Corporation Pty Ltd, Kevin Perkins, in his individual capacity, Kevin Perkins and Laura Perkins, as trustees for The K&L Perkins Super Fund** | Impaired | Class 3(h) is impaired by this Plan. On or before the Effective Date of the Plan, each holder of a Class 3(h) Non-Priority Unsecured Loan Claim against the Debtors pursuant to certain promissory notes will have forgiven all or some of the loans made to the Debtors or converted all or some of the debt into equity interests in the Reorganized Debtors.<br><br>Holders of allowed Class 3(h) Non-Priority Unsecured Loan Claims are impaired and entitled to vote on the Plan. |
| Class 3(i) – **Non-Priority Unsecured Lender Carson Sizz LLC** | Unimpaired | Class 3(i) is unimpaired by this Plan, and each holder of a Class 3(i) Non-Priority Unsecured Carson Sizz Claim will retain its interest in that certain Revolving Loan Agreement, as amended by that Amendment to Revolving Loan Agreement dated March 24, 2020 (as amended, the "Carson Sizz Agreement") as the Debtors intend to assume the Carson Sizz Agreement by this Plan.<br><br>Holders of allowed Class 3(i) Non-Priority Unsecured Carson Sizz Claims are unimpaired and deemed to accept the Plan. |
| Class 3(j) – **Non-priority Unsecured Lender JPMorgan Chase Bank, N.A.** | Impaired | Class 3(j) is impaired by the Plan. The Debtors anticipate that the Small Business Administration will forgive SUSAR's PPP Loan in full. The Debtors forecast that under the "worst case scenario," $2.1 million of the PPP Loan will not be forgiven, in which case they will be required to implement Scenario B and the holders of Class 3(j) claims will only receive a pro-rata return on their claims. The claims of the holders of Class 3(j) are therefore contingent.<br><br>Holders of allowed Class 3(j) Non-Priority Unsecured Loan Claims are impaired and entitled to vote on the Plan. |

SMRH:4816-9870-4085.2

| Class | Impairment | Treatment |
|---|---|---|
| Class 4(a) – **Equity interest of Perkins US Financial Services Pty Ltd as trustee for the KPUS Trust** | Impaired | Class 4(a) is impaired by the Plan. On the Effective Date of the Plan, all holders of Class 4(a) Interests will have cancelled all or some of its equity interest in SUSAA or converted all or some of its equity interest into equity interests in the Reorganized Debtors.<br><br>Holders of allowed Class 4(a) Interests are impaired and entitled to vote on the Plan. |
| Class 4(b) **Equity interests of James A. & Carol L. Collins, as trustees of The Collins Family Trust** | Impaired | Class 4(b) is impaired. On the Effective Date of the Plan, the Interests of Class 4(b) equity interest holders will be cancelled. Holders of Class 4(b) interests have agreed to such treatment under the Plan.<br><br>Holders of allowed Class 4(a) Interests are impaired and entitled to vote on the Plan. |

## Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non- appealable order, and as to which either:<br><br>(i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or<br><br>(ii) no proof of claim has been filed, and the Debtors has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. |
| 5.03 | **Settlement of disputed claims** | The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) Certain of the Debtors will assume, and if applicable assign, the executory contracts and unexpired leases set forth on Exhibit C as of the Effective Date of the Plan, provided, however, that the Debtors reserve their rights to (i) modify Exhibit C and remove contracts until the Effective Date of the Plan and (ii) file a separate motion to assume or reject certain unexpired executory contracts until the Effective Date of the Plan. To the extent that the Debtors modify Exhibit C, they will file an appropriate notice of modification with the Court prior to the Effective Date of the Plan. |

SMRH:4816-9870-4085.2

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtors will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than the 45th day after the entry of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

Funding for the Plan will be provided by Kevin Perkins (the "DIP Lender"). Prior to the Petition Date the DIP Lender made a loan (the "Pre-Petition Loan") to the Debtors. The Pre-Petition Loan Documents and all liabilities and obligations thereunder are secured by all personal property assets of the Debtors under the terms of the Pre-Petition Loan Documents (the "Pre-Petition Loan Collateral"). The foregoing security interest has been perfected by the filing of a financial statement with the Delaware Department of State, Initial Filing No. 2020 6183000 (the "Financing Statement").

The DIP Lender has agreed to (1) provide post-petition financing in the amount of up to $2,000,000 under sections 361, 362, 364(c)(2), 364(c)(3), and 364(d) of the Bankruptcy Code (collectively, the "Debtor in Possession Credit Facility"); and (2) permit use of the DIP Lenders' cash collateral through confirmation of the Debtors' Plan, upon certain terms and conditions, including the provision of adequate protection under section 361 of the Bankruptcy Code subject to final Court approval.

If an Event of Default (as such term is defined in that *Final Order Approving Stipulation Regarding Use of Cash Collateral, Provision of Adequate Protection and Debtor in Possession Financing* entered on November 24, 2020 as Docket No. 85) under the Debtor in Possession Credit Facility occurs that the DIP Lender chooses to enforce (and only if such Event of Default is chosen to be enforced by the DIP Lender), and if the Debtors do not convert their cases to ones under chapter 7 of the Bankruptcy Code, then the Debtors shall consult with Mark Sharf, the duly appointed Subchapter V Trustee in the Debtors' bankruptcy cases, regarding the retention of an investment banker or business broker (the "Investment Banker") to assist the Debtors with the marketing and sale of the within estates' assets (including substantially all of their assets), and if the Trustee consents to the Debtor's selection of such Investment Banker the Debtor shall file an application with this Court for authority to employ such Investment Banker. Subject to Court approval of the employment of the proposed Investment Banker, the Debtors shall market their assets for sale for a period of six months (the

SMRH:4816-9870-4085.2

"Marketing Period"), during which time the Automatic Stay shall prohibit the DIP Lender from enforcing its rights.

    a. During the Marketing Period, the Debtors shall ensure that the proposed sale process results in a fair, arms'-length transaction, including by providing to the Subchapter V Trustee full and unfettered access to the Investment Banker and all communications between the Debtors and the Investment Banker.

    b. During the Marketing Period and so long as the cases are in chapter 11, the Debtors will continue to operate their business to preserve and maximize the going concern value of the Debtors' estates.

    c. In the event that the Subchapter V Trustee determines that the sale process is not proceeding fairly to result in an arms'-length transaction to be entered into in good faith, the Subchapter V Trustee may seek any relief from the Court and raise any concerns on 7 days' notice to the Debtors, the DIP Lender, and all parties on the Court's NEF service list, as well as the United States Trustee.

In the event that the Debtors' bankruptcy cases are converted to chapter 7, either before or after the occurrence of an Event of Default that is enforced by the DIP Lender (and only if the Event of Default is enforced by the DIP Lender), or after the commencement of the Marketing Period, the chapter 7 trustee shall have an opportunity to sell the Debtors' assets for a period of no less than six months (the "Trustee Sale Period") during which time the Automatic Stay shall continue to apply to the DIP Lender. Notwithstanding the foregoing, the chapter 7 trustee shall not be obligated to operate the Debtors' business.

If an agreement for the sale of the Debtors' assets cannot be secured during the Marketing Period or the Trustee Sale Period as applicable, the DIP Lender shall be entitled to seek relief from stay to enforce its rights on 7 days' notice to the Debtors, the Subchapter V Trustee, and all parties on the Court's NEF service list, as well as the United States Trustee.

Upon confirmation of the Plan and the occurrence of the Effective Date, the Debtors' current management will continue in their day-to-day management of the Debtors and also administer the Plan, including, but not limited to, the filing of any objections to proofs of claim filed and asserted against the Debtors. Concurrent with emergence from chapter 11, certain of the Debtors **may** transfer substantially all of their assets to their co-Debtor affiliates, liquidate, and dissolve to consolidate the Debtors' collective assets and restructure their corporate structure. From the Effective Date, the DIP Lender, or an entity affiliated with the DIP Lender, will own 100% of the shares of the new parent entity of the Debtors. Prior to the Effective Date, or as soon thereafter as is practicable, the Debtors with comply with Section 8.07 hereof and amend their respective organizational documents.

SMRH:4816-9870-4085.2
Case: 20-30748    Doc# 114    Filed: 01/02/21    Entered: 01/02/21 19:50:37    Page 16 of 41

The senior executives of the Debtors will remain in place to manage the business of the Debtors, pursuant to an incentive scheme that will reduce their annual salary but provide the opportunity for increased compensation based upon satisfaction of certain EBITDA milestones. The senior executives will work under the supervision of a newly constituted board, chaired by Kevin Perkins, the DIP Lender. Mr. Kevin Perkins is a veteran of the restaurant industry and is extremely experienced. Mr. Kevin Perkins will be joined on the board by Christopher Perkins, the Debtors' President and Chief Services Officer, and Timothy Perkins, the Debtors' Chief Strategy Officer.

The Debtors are confident that the Debtor in Possession Credit Facility will provide sufficient cash collateral to ensure the Debtors can pay their debts as and when they become due and payable, until such time as the Debtors' business generates enough disposable income to do so without external assistance.

## Article 8: General Provisions

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:  N/A |
|------|-------|-------|
| 8.02 | **Effective date** | The Effective Date of this Plan shall be the first business day following the date that is 14 days after the entry of the confirmation order.  If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling effects** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Delaware govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate governance** | The Debtors shall amend their respective organizational documents, which shall amend or succeed the certificates or articles of incorporation, by-laws and other organizational documents of the reorganized Debtors to satisfy the provisions of the Plan and the Bankruptcy Code, and will (i) include, among other things, pursuant to section 1123(a)(6) of the Bankruptcy Code, a provision prohibiting the |

SMRH:4816-9870-4085.2

issuance of non-voting equity securities, but only to the extent required by section 1123(a)(6) of the Bankruptcy Code; (ii) authorize the issuance of New Common Stock in an amount not less than the amount necessary to permit the distributions thereof required or contemplated by the Plan; and (iii) to the extent necessary or appropriate, include such provisions as may be needed to effectuate and consummate the Plan and the transactions contemplated herein.  After the Effective Date, the Reorganized Debtors may amend and restate their certificates or articles of incorporation and by-laws, and other applicable organizational documents, as permitted by applicable law.

| | | |
|---|---|---|
| 8.08 | **Retention of Jurisdiction** | Following the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction of all matters arising under, arising out of, or related to, the Chapter 11 Case, this Plan and the Confirmation Order pursuant to, and for the purposes of, §§ 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes: |

(a) to determine the allowance or classification of Claims and to hear and determine any objections thereto;

(b) to determine any and all motions, adversary proceedings, applications, contested matters and other litigated matters under the Bankruptcy Code or arising in or related to the Chapter 11 Case that may be pending in the Bankruptcy Court on, or initiated after, the Effective Date;

(c) to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(d) to issue such orders in aid of the execution, implementation and consummation of this Plan to the extent authorized by § 1142 of the Bankruptcy Code or otherwise;

(e) to construe and take any action to enforce this Plan;

(f) to reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(g) to modify this Plan pursuant to § 1127 of the Bankruptcy Code, or to remedy any apparent non-material defect or omission in this Plan, or to reconcile any non-material inconsistency in this Plan so as to carry out its intent and purposes;

(h) to hear and determine all applications for compensation and reimbursement of expenses of Professionals under §§ 328(a), 330, 331, 333, 503(b) or 1103 of the Bankruptcy Code;

(i) to determine any requests for payment of Priority Tax Claims, Priority Non-Tax Claims or Administrative Expense Claims;

SMRH:4816-9870-4085.2
Case: 20-30748   Doc# 114   Filed: 01/02/21   Entered: 01/02/21 19:50:37   Page 18 of 41

(j) to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of this Plan;

(k) to consider and act on the compromise and settlement or payment of any Claim against the Debtors, the Reorganized Debtors or their Estates;

(l) to recover all assets of the Debtors and property of the Debtors' Estates, wherever located;

(m) to hear and determine Causes of Action brought by the Reorganized Debtors; provided, however, that nothing in the retention of jurisdiction under this clause (m) shall be construed as a determination that the Bankruptcy Court has or does not have jurisdiction to hear and determine any Causes of Action;

(n) to determine all questions and disputes regarding title and/or ownership to the assets of the Debtors, the Reorganized Debtors or the Estate;

(o) to issue injunctions, enter and implement other orders or to take such other actions as may be necessary or appropriate to restrain interference by any Person with consummation, implementation or enforcement of this Plan or the Confirmation Order;

(p) to remedy any breach or default occurring under this Plan;

(q) to resolve and finally determine all disputes that may relate to, impact on or arise in connection with this Plan;

(r) to determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(s) to hear any other matter consistent with the provisions of the Bankruptcy Code; and

(t) to enter a final decree closing the Chapter 11 Case.

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i)    imposed by this Plan; or
    (ii)    to the extent provided in § 1141(d)(6).

SMRH:4816-9870-4085.2
Case: 20-30748   Doc# 114   Filed: 01/02/21   Entered: 01/02/21 19:50:37   Page 19 of 41

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(iii) on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or

(iv) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10:: Other Provisions

N/A

Respectfully submitted

| ___/s/ Christopher Perkins___ | Christopher Perkins___ |
| Signature of the Plan Proponent | Printed Name |

| ___/s/ Ori Katz___ | Ori Katz___ |
| Signature of the Attorney for the Plan Proponent | Printed Name |

Case: 20-30748 Doc# 114 Filed: 01/02/21 Entered: 01/02/21 19:50:37 Page 20 of 41

# EXHIBIT "A-1"

| Chapter 7 Liquidation | Sizzler USA Restaurants Inc | Sizzler USA Franchise Inc | Sizzler USA Real Property Inc | Operating Subsidiaries Combined | Sizzler USA Inc |
|---|---|---|---|---|---|
| [1] Assets | 274 | 2,409 | 500 | 3,183 | 0 |
| [2] Secured Claims | -309 | -325 | -500 | -1,134 | 0 |
| [3] Priority Claims | -341 | 0 | 0 | -341 | 0 |
| [4] Administrative Claims | -355 | -315 | 0 | -670 | 0 |
| Total Priority Claims | -1,005 | -640 | -500 | -2,145 | 0 |
| Net Assets for Unsecured Creditors | -731 | 1,769 | 0 | 1,038 | 0 |
| A Employees Related Claims (Benefits) | -23 | 0 | 0 | -23 | 0 |
| B Integral Trade Creditors | -1,103 | 0 | 0 | -1,103 | 0 |
| C Other Trade Creditors | -273 | 0 | 0 | -273 | 0 |
| D Equipment Supplier | -150 | 0 | 0 | -150 | 0 |
| [5] E Landlords | 0 | 0 | -3,406 | -3,406 | -286 |
| F SERP | 0 | 0 | 0 | 0 | 0 |
| H Lenders (Insiders) | -52 | 0 | 0 | -52 | 0 |
| I Lenders (Carson) | -200 | 0 | 0 | -200 | 0 |
| J Landlords (Sub Leases) | 0 | 0 | -1,145 | -1,145 | 0 |
| [6] K Franchisees | 0 | -5,065 | 0 | -5,065 | 0 |
| [7] L Other Damages Claims | -500 | 0 | -518 | -1,018 | 0 |
| Total Unsecured Claims | -2,301 | -5,065 | -5,069 | -12,435 | -286 |
| [8] **Return for Unsecured Claims** | **0.0%** | **34.9%** | **0.0%** | **8.3%** | **0.0%** |

| Chapter 7 Liquidation | Worldwide Restaurant Concepts Inc | Sizzler USA Finance Inc | Sizzler USA Holdings Inc | Sizzler USA Acquisition Inc |
|---|---|---|---|---|
| [1] Assets | 0 | 0 | 0 | 0 |
| [2] Secured Claims | 0 | 0 | 0 | 0 |
| [3] Priority Claims | 0 | 0 | 0 | 0 |
| [4] Administrative Claims | 0 | 0 | 0 | -260 |
| Total Priority Claims | 0 | 0 | 0 | -260 |
| Net Assets for Unsecured Creditors | 0 | 0 | 0 | -260 |
| A Employees Related Claims (Benefits) | 0 | 0 | 0 | 0 |
| B Integral Trade Creditors | 0 | 0 | 0 | 0 |
| C Other Trade Creditors | 0 | 0 | 0 | 0 |
| D Equipment Supplier | 0 | 0 | 0 | 0 |
| [5] E Landlords | 0 | 0 | 0 | 0 |
| F SERP | -8,000 | 0 | 0 | 0 |
| H Lenders (Insiders) | 0 | 0 | 0 | -2,833 |
| I Lenders (Carson) | 0 | 0 | 0 | 0 |
| J Landlords (Sub Leases) | 0 | 0 | 0 | 0 |
| [6] K Franchisees | 0 | 0 | 0 | 0 |
| [7] L Other Damages Claims | 0 | 0 | 0 | 0 |
| Total Unsecured Claims | -8,000 | 0 | 0 | -2,833 |
| [8] **Return for Unsecured Claims** | **0.0%** | **N/A** | **N/A** | **0.0%** |

**Chapter 7 Liquidation**                          **All Debtors**

| | | |
|---|---|---:|
| [1] | Assets | 3,183 |
| | | 0 |
| [2] | Secured Claims | -1,134 |
| [3] | Priority Claims | -341 |
| [4] | Administrative Claims | -930 |
| | Total Priority Claims | -2,405 |
| | | 0 |
| | Net Assets for Unsecured Creditors | 778 |
| | | 0 |
| | A Employees Related Claims (Benefits) | -23 |
| | B Integral Trade Creditors | -1,103 |
| | C Other Trade Creditors | -273 |
| | D Equipment Supplier | -150 |
| [5] | E Landlords | -3,692 |
| | F SERP | -8,000 |
| | H Lenders (Insiders) | -2,885 |
| | I Lenders (Carson) | -200 |
| | J Landlords (Sub Leases) | -1,145 |
| [6] | K Franchisees | -5,065 |
| [7] | L Other Damages Claims | -1,018 |
| | Total Unsecured Claims | -23,554 |
| | | |
| **[8]** | **Return for Unsecured Claims** | **3.3%** |

| Chapter 11 Plan | Sizzler USA Acquisition Inc Total |
|---|---:|
| Projected Disposable Income | 337 |
| | |
| [9] D Equipment Supplier | -150 |
| [10] E Landlords | -1,754 |
| | 0 |
| | 0 |
| | 0 |
| | -84 |
| | 0 |
| | 0 |
| Total Unsecured Claims | -1,988 |
| **[11] Return for Unsecured Claims** | **17.0%** |

**NOTES TO LIQUIDATION ANALYSIS ARE ON FOLLOWING PAGE.**

NOTES TO LIQUIDATION ANALYSIS

[1] Assets consist of (1) cash on hand, (2) accounts receivable (including franchise income) net of doubtful debt, (3) PP&E salvage value, and (4) intellectual property valued as the net present value of the future cash flows derived from the Sizzler franchise business.

[2] Secured claims are comprised of (1) loans from the DIP lender and affiliates: prepetition $200,000 and post-petition $800,000 allocated among the operating entities, and (2) equipment lender claims.

[3] Outstanding employee claims related to wages and paid time off (PTO).

[4] Professional fees required to complete the liquidation and outstanding post-petition taxes.

[5] Consists of (1) outstanding pre-petition amounts, including rent, real estate taxes and common area maintenance fees, and (2) rejection damage claims calculated pursuant to section 502(b)(6) of the Bankruptcy Code.

[6] Franchisee claims are primarily related to Sizzler USA's inability to (a) maintain its subleases in a liquidation, and (b) continue overall operations in the ordinary course across the entire Sizzler business. Sizzler USA's sub tenants would lose access to their buildings, breach their franchise agreement and lose the future cash flows from that business as a result of the liquidation of Sizzler USA, which would in turn trigger damage claims. NOTE: in the proposed chapter 11 scenario the franchisees are unimpaired.

[7] The Debtors would be forced to cease payments related to the Indio real property, triggering a claim for the balance of the contract. In addition, various trade creditors will have claims on account of the Debtors' inability to meet certain of its contractual obligations.

[8] In a chapter 7 liquidation all creditors are significantly worse off than in the chapter 11 reorganization. This is because in a chapter 7 all creditors other than the franchisees will be paid between 0% (if each of the Debtors is liquidated separately as a stand-alone entity) and no more than 8.5% (but as low as 3.3%) depending on the manner and degree to which the Debtors are substantively consolidated. In contrast, in a chapter 11 the vast majority of creditors are either unimpaired or have consented to the treatment afforded to them. While the franchisees in a chapter 7 "stand-alone" scenario may receive up to 34.9% on account of their claims, those same franchisees are unimpaired in a chapter 11 scenario and thus they will receive or retain under the plan more than they would have received in a chapter 7.

[9] Consisting of rejection damage claims related to certain equipment leases.

[10] Consisting of damage claims of landlords in connection with leases anticipated to be rejected at or before the effective date of the Debtors' chapter 11 plan.

[11] The pool of general unsecured creditors is significantly smaller in a chapter 11 scenario, as many creditors are unimpaired or have consented to their treatment under the plan.

# EXHIBIT "A-2"

| Chapter 7 Liquidation | Sizzler USA Restaurants Inc | Sizzler USA Franchise Inc | Sizzler USA Real Property Inc | Operating Subsidiaries Combined | Sizzler USA Inc |
|---|---|---|---|---|---|
| [1] Assets | 274 | 2,409 | 500 | 3,183 | 0 |
| [2] Secured Claims | -309 | -325 | -500 | -1,134 | 0 |
| [3] Priority Claims | -341 | 0 | 0 | -341 | 0 |
| [4] Administrative Claims | -355 | -315 | 0 | -670 | 0 |
| Total Priority Claims | -1,005 | -640 | -500 | -2,145 | 0 |
| Net Assets for Unsecured Creditors | -731 | 1,769 | 0 | 1,038 | 0 |
| A  Employees Related Claims (Benefits) | -23 | 0 | 0 | -23 | 0 |
| B  Integral Trade Creditors | -1,103 | 0 | 0 | -1,103 | 0 |
| C  Other Trade Creditors | -273 | 0 | 0 | -273 | 0 |
| D  Equipment Supplier | -150 | 0 | 0 | -150 | 0 |
| [5] E  Landlords | 0 | 0 | -3,406 | -3,406 | -286 |
| F  SERP | 0 | 0 | 0 | 0 | 0 |
| H  Lenders (Insiders) | -52 | 0 | 0 | -52 | 0 |
| I  Lenders (Carson) | -200 | 0 | 0 | -200 | 0 |
| J  Landlords (Sub Leases) | 0 | 0 | -1,145 | -1,145 | 0 |
| [6] K  Franchisees | 0 | -5,065 | 0 | -5,065 | 0 |
| [7] L  Other Damages Claims | -500 | 0 | -518 | -1,018 | 0 |
| M  Lender (PPP) | -2,100 | 0 | 0 | -2,100 | 0 |
| Total Unsecured Claims | -4,401 | -5,065 | -5,069 | -14,535 | -286 |
| [8] **Return for Unsecured Claims** | **0.0%** | **34.9%** | **0.0%** | **7.1%** | **0.0%** |

| | Chapter 7 Liquidation | Worldwide Restaurant Concepts Inc | Sizzler USA Finance Inc | Sizzler USA Holdings Inc | Sizzler USA Acquisition Inc | All Debtors |
|---|---|---|---|---|---|---|
| [1] | Assets | 0 | 0 | 0 | 0 | 3,183 |
| | | | | | | 0 |
| [2] | Secured Claims | 0 | 0 | 0 | 0 | -1,134 |
| [3] | Priority Claims | 0 | 0 | 0 | 0 | -341 |
| [4] | Administrative Claims | 0 | 0 | 0 | -260 | -930 |
| | Total Priority Claims | 0 | 0 | 0 | -260 | -2,405 |
| | | | | | | 0 |
| | Net Assets for Unsecured Creditors | 0 | 0 | 0 | -260 | 778 |
| | | | | | | 0 |
| | A Employees Related Claims (Benef | 0 | 0 | 0 | 0 | -23 |
| | B Integral Trade Creditors | 0 | 0 | 0 | 0 | -1,103 |
| | C Other Trade Creditors | 0 | 0 | 0 | 0 | -273 |
| | D Equipment Supplier | 0 | 0 | 0 | 0 | -150 |
| [5] | E Landlords | 0 | 0 | 0 | 0 | -3,692 |
| | F SERP | -8,000 | 0 | 0 | 0 | -8,000 |
| | H Lenders (Insiders) | 0 | 0 | 0 | -2,833 | -2,885 |
| | I Lenders (Carson) | 0 | 0 | 0 | 0 | -200 |
| | J Landlords (Sub Leases) | 0 | 0 | 0 | 0 | -1,145 |
| [6] | K Franchisees | 0 | 0 | 0 | 0 | -5,065 |
| [7] | L Other Damages Claims | 0 | 0 | 0 | 0 | -1,018 |
| | M Lender (PPP) | 0 | 0 | 0 | 0 | -2,100 |
| | Total Unsecured Claims | -8,000 | 0 | 0 | -2,833 | -25,654 |
| [8] | **Return for Unsecured Claims** | **0.0%** | **N/A** | **N/A** | **0.0%** | **3.0%** |

| | | Sizzler USA Restaurants Inc | Sizzler USA Franchise Inc | Sizzler USA Real Property Inc | Operating Subsidiaries Combined | Sizzler USA Inc |
|---|---|---|---|---|---|---|

**Chapter 11 Plan**

Projected Disposable Income

| | | Sizzler USA Restaurants Inc | Sizzler USA Franchise Inc | Sizzler USA Real Property Inc | Sizzler USA Inc |
|---|---|---|---|---|---|
| [9] | D Equipment Supplier | -150 | 0 | 0 | 0 |
| [10] | E Landlords | 0 | 0 | -1,468 | -286 |
| | M Lenders | 0 | 0 | 0 | 0 |
| | J Landlrods (Sub Leases) | 0 | 0 | -84 | 0 |
| | M Lender (PPP) | -2,100 | 0 | 0 | 0 |

Total Unsecured Claims

**[11] Return for Unsecured Claims**

**NOTES TO LIQUIDATION ANALYSIS ARE ON FOLLOWING PAGE.**

| | Worldwide Restaurant Concepts Inc | Sizzler USA Finance Inc | Sizzler USA Holdings Inc | Sizzler USA Acquisition Inc | All Debtors |
|---|---|---|---|---|---|
| **Chapter 11 Plan** | | | | | **Sizzler USA Acquisition Inc Total** |
| Projected Disposable Income | | | | | 337 |
| [9]   D Equipment Supplier | 0 | 0 | 0 | 0 | -150 |
| [10] E Landlords | 0 | 0 | 0 | 0 | -1,754 |
|     M Lenders | 0 | 0 | 0 | 0 | 0 |
|     J Landlrods (Sub Leases) | 0 | 0 | 0 | 0 | -84 |
|     M Lender (PPP) | 0 | 0 | 0 | 0 | -2,100 |
|     Total Unsecured Claims | | | | | -4,088 |
| [11] **Return for Unsecured Claims** | | | | | **8.3%** |

**NOTES TO LIQUIDATION ANALYSIS ARE ON FOLLOWING PAGE.**

## NOTES TO LIQUIDATION ANALYSIS

[1] Assets consist of (1) cash on hand, (2) accounts receivable (including franchise income) net of doubtful debt, (3) PP&E salvage value, and (4) intellectual property valued as the net present value of the future cash flows derived from the Sizzler franchise business.

[2] Secured claims are comprised of (1) loans from the DIP lender and affiliates: prepetition $200,000 and post-petition $800,000 allocated among the operating entities, and (2) equipment lender claims.

[3] Outstanding employee claims related to wages and paid time off (PTO).

[4] Professional fees required to complete the liquidation and outstanding post-petition taxes.

[5] Consists of (1) outstanding pre-petition amounts, including rent, real estate taxes and common area maintenance fees, and (2) rejection damage claims calculated pursuant to section 502(b)(6) of the Bankruptcy Code.

[6] Franchisee claims are primarily related to Sizzler USA's inability to (a) maintain its subleases in a liquidation, and (b) continue overall operations in the ordinary course across the entire Sizzler business. Sizzler USA's sub tenants would lose access to their buildings, breach their franchise agreement and lose the future cash flows from that business as a result of the liquidation of Sizzler USA, which would in turn trigger damage claims. NOTE: in the proposed chapter 11 scenario the franchisees are unimpaired.

[7] The Debtors would be forced to cease payments related to the Indio real property, triggering a claim for the balance of the contract. In addition, various trade creditors will have claims on account of the Debtors' inability to meet certain of its contractual obligations.

[8] In a chapter 7 liquidation all creditors are significantly worse off than in the chapter 11 reorganization. This is because in a chapter 7 all creditors other than the franchisees will be paid between 0% (if each of the Debtors is liquidated separately as a stand-alone entity) and no more than 8.5% (but as low as 3.3%) depending on the manner and degree to which the Debtors are substantively consolidated. In contrast, in a chapter 11 the vast majority of creditors are either unimpaired or have consented to the treatment afforded to them. While the franchisees in a chapter 7 "stand-alone" scenario may receive up to 34.9% on account of their claims, those same franchisees are unimpaired in a chapter 11 scenario and thus they will receive or retain under the plan more than they would have received in a chapter 7.

[9] Consisting of rejection damage claims related to certain equipment leases.

[10] Consisting of damage claims of landlords in connection with leases anticipated to be rejected at or before the effective date of the Debtors' chapter 11 plan.

[11] The pool of general unsecured creditors is significantly smaller in a chapter 11 scenario, as many creditors are unimpaired or have consented to their treatment under the plan.

SMRH:4817-4387-2722.1

# EXHIBIT "B"

# SUSA, *et al.* Five Year Forecast[1]

| Item | Entity | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Total 5-Year |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Restaurant Sales | Sizzler USA Restaurants Inc | 29,020 | 33,494 | 34,888 | 32,357 | 32,523 | 32,732 | 29,445 | 28,980 | 36,226 | 40,488 | 42,619 | 44,750 | 193,063 |
| *Company Stores* | | *17* | *18* | *17* | *15* | *14* | *13* | *15* | *20* | *19* | *19* | *19* | *19* | *19* |
| *Ave Sales per Store* | | *1,707* | *1,861* | *2,052* | *2,157* | *2,323* | *2,518* | *1,963* | *1,449* | *1,907* | *2,131* | *2,243* | *2,355* | *10,161* |
| Franchisee Revenue | Sizzler USA Franchise Inc | 7,244 | 7,516 | 7,537 | 7,809 | 7,864 | 7,538 | 6,343 | 2,520 | 3,771 | 4,277 | 4,599 | 4,829 | 19,996 |
| *Franchisee Stores* | | *133* | *121* | *121* | *120* | *119* | *116* | *116* | *63* | *63* | *63* | *63* | *63* | *63* |
| *Rev per Franchisee Store* | | *54* | *62* | *62* | *65* | *66* | *65* | *55* | *40* | *60* | *68* | *73* | *77* | *317* |
| *Franchise YoY Lag* | | | | | | | | | *3%* | *2%* | *0%* | *0%* | | |
| **Total Revenue** | | **36,264** | **41,010** | **42,425** | **40,166** | **40,387** | **40,270** | **35,788** | **31,500** | **39,997** | **44,765** | **47,218** | **49,579** | **213,059** |
| Cost of sales | Sizzler USA Restaurants Inc | (10,328) | (11,638) | (11,774) | (10,344) | (10,524) | (10,818) | (10,222) | (9,570) | (11,963) | (13,370) | (14,074) | (14,778) | (63,755) |
| *% Of Sales* | | *-36%* | *-35%* | *-34%* | *-32%* | *-32%* | *-33%* | *-35%* | *-33%* | *-33%* | *-33%* | *-33%* | *-33%* | *-33%* |
| Labor | | (15,735) | (17,073) | (17,448) | (17,014) | (17,247) | (17,221) | (16,646) | (11,420) | (17,131) | (18,708) | (19,571) | (20,435) | (87,265) |
| *Company Store Labor* | Sizzler USA Restaurants Inc | | | | | | | | *(8,694)* | *(13,404)* | *(14,981)* | *(15,769)* | *(16,557)* | *(69,405)* |
| *% of Sales* | | | | *36%* | *37%* | *38%* | *36%* | | *30%* | *37%* | *37%* | *37%* | *37%* | |
| *Total Home Office* | | | | | | | | | *(2,726)* | *(3,727)* | *(3,727)* | *(3,802)* | *(3,878)* | *(17,861)* |
| *Company Operations Labor* | Sizzler USA Restaurants Inc | | | | | | | | *(954)* | *(1,305)* | *(1,305)* | *(1,331)* | *(1,357)* | *(6,251)* |
| *Franchise Labor* | Sizzler USA Franchise Inc | | | | | | | | *(1,772)* | *(2,423)* | *(2,423)* | *(2,471)* | *(2,521)* | *(11,609)* |
| *Home Office Increase* | | | | | | | | | | | | *2%* | *2%* | *7%* |
| SG&A (Adv & Marketing) | | (1,200) | (1,000) | (1,600) | (1,400) | (1,290) | (1,346) | (1,128) | (1,159) | (1,449) | (1,620) | (1,705) | (1,790) | (7,723) |
| *% Of Sales* | | *-4%* | *-3%* | *-5%* | *-4%* | *-4%* | *-4%* | *-4%* | *4%* | *4%* | *4%* | *4%* | *4%* | *-4%* |
| *Company SG&A (Adv & Marketing)* | Sizzler USA Restaurants Inc | *(1,068)* | *(890)* | *(1,424)* | *(1,246)* | *(1,148)* | *(1,198)* | *(1,004)* | *(1,032)* | *(1,290)* | *(1,441)* | *(1,517)* | *(1,593)* | *(6,873)* |
| *Franchise SG&A (Adv & Marketing)* | Sizzler USA Franchise Inc | *(132)* | *(110)* | *(176)* | *(154)* | *(142)* | *(148)* | *(124)* | *(128)* | *(159)* | *(178)* | *(188)* | *(197)* | *(849)* |
| SG&A (Other) | | (3,571) | (3,602) | (2,597) | (3,084) | (2,792) | (2,198) | (2,677) | (1,537) | (1,364) | (1,547) | (1,663) | (1,746) | (7,857) |
| *% of Franchise Rev* | | *-49%* | *-48%* | *-34%* | *-39%* | *-36%* | *-29%* | *-42%* | *-61%* | *-36%* | *-36%* | *-36%* | *-36%* | |
| *Company SG&A (Other)* | Sizzler USA Restaurants Inc | *(643)* | *(648)* | *(467)* | *(555)* | *(503)* | *(396)* | *(482)* | *(277)* | *(245)* | *(278)* | *(299)* | *(314)* | *(1,414)* |
| *Franchise SG&A (Other)* | Sizzler USA Franchise Inc | *(2,928)* | *(2,954)* | *(2,130)* | *(2,529)* | *(2,289)* | *(1,802)* | *(2,195)* | *(1,260)* | *(1,118)* | *(1,268)* | *(1,364)* | *(1,432)* | *(6,443)* |
| Occupancy Costs[2] | | (3,273) | (3,378) | (3,181) | (3,396) | (3,088) | (3,355) | (3,435) | (2,721) | (2,934) | (3,116) | (3,272) | (3,438) | (15,480) |
| *Base Rent* | Sizzler USA Real Property Inc | | | | | | | | *(2,648)* | *(2,752)* | *(2,862)* | *(2,976)* | *(3,095)* | *(14,333)* |
| *Base Rent Growth* | | | | | | | | | | *4%* | *4%* | *4%* | *4%* | |
| *Percentage Rent* | Sizzler USA Real Property Inc | | | | | | | | *(73)* | *(182)* | *(254)* | *(296)* | *(343)* | *(1,148)* |
| Other Operating Expenses[3] | | (3,746) | (4,145) | (3,878) | (3,822) | (3,743) | (4,245) | (3,389) | (3,486) | (4,357) | (4,870) | (5,126) | (5,383) | (23,223) |
| *Company Operating Expenses* | Sizzler USA Restaurants Inc | | | | | | | | *(3,192)* | *(4,064)* | *(4,577)* | *(4,833)* | *(5,089)* | *(21,755)* |
| *SERP Expenses* | Worldwide Restaurant Concepts Inc | | | | | | | | *(293)* | *(293)* | *(293)* | *(293)* | *(293)* | *(1,467)* |
| *% of Restaurant Rev* | | *-13%* | *-12%* | *-11%* | *-12%* | *-12%* | *-13%* | *-12%* | *-12%* | *-12%* | *-12%* | *-12%* | *-12%* | |
| **Total Operating Expenses** | | **(37,853)** | **(40,836)** | **(40,478)** | **(39,060)** | **(38,684)** | **(39,183)** | **(37,497)** | **(29,893)** | **(39,198)** | **(43,230)** | **(45,411)** | **(47,570)** | **(205,303)** |
| **EBITDA** | | **1,589** | **174** | **1,947** | **1,106** | **1,703** | **1,087** | **(1,709)** | **1,606** | **799** | **1,535** | **1,807** | **2,009** | **7,756** |
| Taxes Paid | | | | | | | | | (31) | (31) | (31) | (31) | (31) | (154) |
| *Company Taxes* | | | | | | | | | *(8)* | *(8)* | *(8)* | *(8)* | *(8)* | *(39)* |
| *Franchise Taxes* | Sizzler USA Franchise Inc | | | | | | | | *(23)* | *(23)* | *(23)* | *(23)* | *(23)* | *(116)* |
| *Pension Liability[4]* | Worldwide Restaurant Concepts Inc | | | | | | | | *(293)* | *(293)* | *(293)* | *(293)* | *(293)* | *(1,467)* |
| Incentive | Sizzler USA Franchise Inc | | | | | | | | 0 | (269) | | | | (269) |
| Provision for Doubtful Debt | Sizzler USA Franchise Inc | | | | | | | | (76) | (113) | (128) | (138) | (145) | (600) |
| *% of Franchise Rev* | | | | | | | | | *3%* | *3%* | *3%* | *3%* | *3%* | |
| **Net Cash from Operating Activities** | | **(1,121)** | **(1,106)** | **1,802** | **(743)** | **715** | **1,113** | **0** | **1,207** | **93** | **1,082** | **1,345** | **1,540** | **5,266** |
| Maintenance CAPEX | Sizzler USA Restaurants Inc | | | | | | | | (85) | (85) | (300) | (400) | (500) | (1,370) |
| **Net Cash From Investing Activites** | | **0** | **(1,453)** | **(343)** | **(249)** | **(347)** | **(503)** | **0** | **(70)** | **(85)** | **(300)** | **(400)** | **(500)** | **(1,355)** |
| Net DIP Loan | Sizzler USA Acquisition Inc | | | | | | | | (100) | (82) | (463) | (643) | (1,022) | (2,310) |

# SUSA, *et al.* Five Year Forecast[1]

| Item | Entity | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Total 5-Year |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *Add DIP Loan Draw Down*[5] | | | | | | | | | | | | | | 0 |
| *Less DIP Loan Principle Repayment* | | | | | | | | | | | 400 | 600 | 1,000 | 2,000 |
| *Less Interest* | | | | | | | | | 100 | 82 | 63 | 43 | 22 | 310 |
| Cure Trade Creditors | Sizzler USA Restaurants Inc | | | | | | | | (971) | | | | | |
| Cure Outstanding SERP (Incurred Prior to Year 1) | Worldwide Restaurant Concepts Inc | | | | | | | | (293) | | | | | (293) |
| **Net Cash from Financing** | | 0 | 1,895 | 52 | 50 | (87) | (63) | 0 | (1,364) | (82) | (463) | (643) | (1,022) | (3,574) |
| **Disposable Income (Change In Cash)** | | (1,121) | (664) | 1,511 | (942) | 281 | 547 | 0 | (227) | (74) | 319 | 302 | 18 | 337 |
| **Start Cash** | | | | | | | | | 572 | 345 | 271 | 590 | 892 | 572 |
| **End Cash** | | | | | | | | | 345 | 271 | 590 | 892 | 909 | 909 |

**Notes:**
1. We have provided a five year forecast to provide creditors with the largest amount of disposable income
2. There is a significant increase in rent in year two as rent negotiated abatements due to COVID-19 expire
3. Includes store operating expenses such as uniforms and utilities
4. In accordance with GAAP principles, pension liability appears both in the income Statement and Balance Sheet
5. On Sept. 21, 2020, the Debtors received $1.0MM from the DIP Lender. The Debtors anticipate receiving a second $1.0MM from the DIP Lender on the effective date of the Plan.

# EXHIBIT "C"

**LEASE AGREEMENTS**

| STORE NO. | LANDLORD | ASSUMING DEBTOR | LEASE PREMISES | CITY | STATE | ZIP | CLAIM AS OF PETITON DATE | CURE CLAIM |
|---|---|---|---|---|---|---|---|---|
| 219 | Collins Realty Associates, LLC | Sizzler USA Real Property, Inc. | 5856 W Manchester Ave | Los Angeles | CA | 90045 | 77,274.20 | 20,000.00 |
| 226 | Topper Properties, LLC | Sizzler USA Real Property, Inc. | 2920 Los Feliz Blvd | Los Angeles | CA | 90039 | 125,175.80 | 125,175.80 |
| 228 | Arlie & Company | Sizzler USA Real Property, Inc. | 1156 N.W. Garden Valley | Roseberg | OR | 97410 | 0.00 | 0.00 |
| 266 | Carlton Liu, as single man, and Anthony Woo Kong Liu and Bonnie Yuk Ching Liu, as Trustees of the Anthony Woo King Liu and Bonnie Yuk Ching Liu Revocable Trust Dated November 8, 1994 | Sizzler USA Real Property, Inc. | 831 W Manchester Blvd | Los Angeles | CA | 90301 | 53,482.50 | 53,482.50 |
| 316 | Berwick-Krausz | Sizzler USA Real Property, Inc. | 24107 Hesperian Blvd | Hayward | CA | 94545 | 4,256.85 | 4,256.85 |
| 345 | ABC Bloom LLC | Sizzler USA Real Property, Inc. | 20755 S. Avalon Blvd | Carson | CA | 90746 | 0.00 | 0.00 |
| 401 | WAMAGA, LLC | Sizzler USA Real Property, Inc. | 5801 Sepulveda Blvd | Culver City | CA | 90230 | 13,107.36 | 13,107.36 |
| 412 | Patricia Robinson | Sizzler USA Real Property, Inc. | 91-760 Highway 111 | Indio | CA | 92201 | 8,292.27 | 8,292.27 |
| 425 | Sui Pink Mock, Trustee of the Sek Hou Mock and Sui Ping Kwong Mock Revocable Trust Dates May 3, 1993 | Sizzler USA Real Property, Inc. | 2910 Aborn Square Rd | San Jose | CA | 95121 | 0.00 | 0.00 |
| 552 | Steiner Grants Pass Investors, LLC | Sizzler USA Real Property, Inc. | 1871 NE 7th Street | Grants Pass | OR | 97526 | 0.00 | 0.00 |
| 574 | Marc Buzolich | Sizzler USA Real Property, Inc. | 2855 Augustine Dr | Santa Clara | CA | 95054 | 14,043.34 | 14,043.34 |
| 628 | Margaret E. Isac, Philippe Izsak and Frida Berger, as Tenants-in-Common (Margaret Isac) | Sizzler USA Real Property, Inc. | 400 S Vermont Ave | Los Angeles | CA | 90020 | 15,963.60 | 15,963.60 |
| 628 | Margaret E. Isac, Philippe Izsak and Frida Berger, as Tenants-in-Common (Philippe Izsak) | Sizzler USA Real Property, Inc. | 400 S Vermont Ave | Los Angeles | CA | 90020 | 10,523.60 | 10,523.60 |
| 628 | Margaret E. Isac, Philippe Izsak and Frida Berger, as Tenants-in-Common (Frida Berger) | Sizzler USA Real Property, Inc. | 400 S Vermont Ave | Los Angeles | CA | 90020 | 10,523.60 | 10,523.60 |
| 654 | KC Holding Corporation | Sizzler USA Real Property, Inc. | 853 W. Palmdale Blvd | Palmdale | CA | 93551 | 64,058.50 | 44,484.00 |
| 657 | Richards Enterprises | Sizzler USA Real Property, Inc. | 13570 Lincoln Way | Auburn | CA | 95603 | 16,204.51 | 16,204.51 |
| 576 | Michael Forest, Trustee, as trustee of the Joyce Forest Inter Vivos Trust Agreement, dated June 29, 1981 | Sizzler USA Real Property, Inc. | 2121 W Caldwell | Visalia | CA | 93277 | 7,508.85 | 7,508.85 |
| 691 | R & P Enterprises | Sizzler USA Real Property, Inc. | 5815 Madison Avenue | Sacramento | CA | 95814 | 0.00 | 0 |
| 841 | Times Square Holdings, LLC | Sizzler USA Real Property, Inc. | 3121 West Shaw | Fresno | CA | 93711 | - | 0 |
| 847 | Corona Vista Plaza, LLC | Sizzler USA Real Property, Inc. | 1461 South Rimpau | Corona | CA | 91719 | 0.00 | 0 |
| 878 | The Rosalinde and Arthur Gilbert Foundation | Sizzler USA Real Property, Inc. | 17544 Hawthorne Blvd | Torrance | CA | 90504 | 12,808.00 | 12,808.00 |
| 882 | Graziadio Investment Company | Sizzler USA Real Property, Inc. | 1515 Fitzgerald Dr | Pinole | CA | 94564 | 13,627.78 | 13,627.78 |
| 994 | Olen Commercial Realty Corp. | Sizzler USA Real Property, Inc. | 23352 Madero Rd | Mission Viejo | CA | 92691 | 0.00 | 0 |
| 654 | The Nelson Family Trust dated 1986 dba Posada West Plaza | Sizzler USA Real Property, Inc. | 853 W Palmdale Blvd | Palmdale | CA | 93551 | | 60193.04 |
| | | | | | | | **446,850.76** | **430,195.10** |

**LEASE ASSIGNMENTS**

| STORE NO. | LANDLORD | ASSUMING DEBTOR | LEASE PREMISES | CITY | STATE | ZIP | CLAIM AS OF PETITON DATE | CURE CLAIM |
|---|---|---|---|---|---|---|---|---|
| 228 | Arlie & Company | Sizzler USA Real Property, Inc. | 1156 N.W. Garden Valley | Roseberg | OR | 97410 | As Above | As Above |
| 552 | Steiner Grants Pass Investors, LLC | Sizzler USA Real Property, Inc. | 1871 NE 7th Street | Grants Pass | OR | 97526 | As Above | As Above |
| 654 | KC Holding Corporation | Sizzler USA Real Property, Inc. | 853 W Palmdale Blvd | Palmdale | CA | 93550 | As Above | As Above |
| 691 | R & P Enterprises | Sizzler USA Real Property, Inc. | 5815 Madison Avenue | Sacramento | CA | 95814 | As Above | As Above |
| 847 | Corona Vista Plaza, LLC | Sizzler USA Real Property, Inc. | 1461 South Rimpau | Corona | CA | 91719 | As Above | As Above |

## SUBLEASE AGREEMENTS

| STORE NO. | SUBLESSEE | ASSUMING DEBTOR | RESTAURANT ADDRESS | CITY | STATE | ZIP | CLAIM AS OF PETITON DATE | CURE CLAIM |
|---|---|---|---|---|---|---|---|---|
| 316 | C Food Concepts, Inc. | Sizzler USA Real Property, Inc. | 24107 Hesperian Blvd | Hayward | CA | 94545 | As Above | As Above |
| 345 | Carson Sizz, LLC | Sizzler USA Real Property, Inc. | 20755 S. Avalon Blvd | Carson | CA | 90746 | As Above | As Above |
| 425 | AAA Sizzle, Inc. | Sizzler USA Real Property, Inc. | 2910 Aborn Square Rd | San Jose | CA | 95121 | As Above | As Above |
| 574 | C Food Concepts, Inc. | Sizzler USA Real Property, Inc. | 2855 Augustine Dr | Santa Clara | CA | 95054 | As Above | As Above |
| 657 | C Food Concepts, Inc. | Sizzler USA Real Property, Inc. | 13570 Lincoln Way | Auburn | CA | 95603 | As Above | As Above |
| 687 | Five Reese | Sizzler USA Real Property, Inc. | 2121 W Caldwell | Visalia | CA | 93277 | As Above | As Above |
| 691 | C Food Concepts, Inc. | Sizzler USA Real Property, Inc. | 5815 Madison Avenue | Sacramento | CA | 95814 | As Above | As Above |
| 841 | Five Reese | Sizzler USA Real Property, Inc. | 3121 West Shaw | Fresno | CA | 93711 | As Above | As Above |
| 882 | C Food Concepts, Inc. | Sizzler USA Real Property, Inc. | 1515 Fitzgerald Dr | Pinole | CA | 94564 | As Above | As Above |

## MANAGEMENT AGREEMENTS

| STORE NO. | FRANCHISEE | ASSUMING DEBTOR | RESTAURANT ADDRESS | CITY | STATE | ZIP | CLAIM AS OF PETITON DATE | CURE CLAIM |
|---|---|---|---|---|---|---|---|---|
| 316 | C Food Concepts, Inc. | Sizzler USA, Inc. | 24107 Hesperian Blvd | Hayward | CA | 94545 | 0 | NA |
| 345 | Carson Sizz, LLC | Sizzler USA, Inc. | 20755 S. Avalon Blvd | Carson | CA | 90746 | 0 | NA |
| 574 | C Food Concepts, Inc. | Sizzler USA, Inc. | 2855 Augustine Dr | Santa Clara | CA | 95054 | 0 | NA |
| 657 | C Food Concepts, Inc. | Sizzler USA, Inc. | 13570 Lincoln Way | Auburn | CA | 95603 | 0 | NA |
| 691 | C Food Concepts, Inc. | Sizzler USA, Inc. | 5815 Madison Avenue | Sacramento | CA | 95814 | 0 | NA |
| 882 | C Food Concepts, Inc. | Sizzler USA, Inc. | 1515 Fitzgerald Dr | Pinole | CA | 94564 | 0 | NA |

## FRANCHISE AGREEMENTS

| STORE NO. | FRANCHISEE | ASSUMING DEBTOR | RESTAURANT ADDRESS | CITY | STATE | ZIP | CLAIM AS OF PETITON DATE | CURE CLAIM |
|---|---|---|---|---|---|---|---|---|
| 1234 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | 17705 Carretera 2, Edificio # 4 | Aguadilla | PR | 00603 | 0 | NA |
| 246 | Double S Foods, L.L.C. | Sizzler USA Franchise, Inc. | 2148 Santiam Highway | Albany | OR | 97322 | 0 | NA |
| 657 | C Food Concepts | Sizzler USA Franchise, Inc. | 13570 Lincoln Way | Auburn | CA | 95603 | 0 | NA |
| 69 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 900 Real Road | Bakersfield | CA | 93309 | 0 | NA |
| 596 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 2650 Mt. Vernon Ave | Bakersfield | CA | 93306 | 0 | NA |
| 698 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 1750 West Ramsey | Banning | CA | 92220 | 0 | NA |
| 1148 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | Local 25-28, Avenida Comerio & Rio Hondo | Bayamon | PR | 00922 | 0 | NA |
| 1240 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. |  | Bayamon | PR |  | 0 | NA |
| 83 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 10153 Artesia Blvd | Bellflower | CA | 90706 | 0 | NA |
| 556 | Sharma/ KRN Enterprises, Inc. | Sizzler USA Franchise, Inc. | 42137 Big Bear Blvd. | Big Bear Lake | CA | 92315 | 0 | NA |
| 171 | General Procurement Inc | Sizzler USA Franchise, Inc. | 1101 W Hobsonway | Blythe | CA | 92225 | 0 | NA |
| 670 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 575 West 500 South | Bountiful | UT | 84010 | 0 | NA |
| 101 | VMC Enterprises, Inc. | Sizzler USA Franchise, Inc. | 7902 Orangethorpe Avenue | Buena Park | CA | 90621 | 0 | NA |
| 1146 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | Calle Gautier Benitez & DeGetau Avenue | Caguas | PR | 00725 | 0 | NA |
| 821 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 4085 Cameron Park Dr | Cameron Park | CA | 95682 | 0 | NA |
| 1194 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | 65 de Infanteria Avenue Km 5.4 | Carolina | PR | 00985 | 0 | NA |
| 345 | Carson Sizz, LLC | Sizzler USA Franchise, Inc. | 20755 S Avalon Blvd | Carson | CA | 90746 | 0 | NA |
| 1209 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | Carretera #1 Km 56.2 - Bo. Montellano | Cayey | PR | 00736 | 0 | NA |
| 786 | Dedco, Inc. | Sizzler USA Franchise, Inc. | 199 North Main Street | Cedar City | UT | 84720 | 0 | NA |
| 1238 | Aaksha One, Inc | Sizzler USA Franchise, Inc. | 20557 Devonshire St | Chatsworth | CA | 91311 | 0 | NA |
| 629 | AAA Sizzle, Inc. | Sizzler USA Franchise, Inc. | 5025 Juniperro Serra Blvd | Colma | CA | 94015 | 0 | NA |
| 847 | Higgins/ W & J Higgins Investments, LLC | Sizzler USA Franchise, Inc. | 1461 Rimpau Avenue | Corona | CA | 92879 | 0 | NA |
| 1232 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | Carretera 884, Km 53.7 | Cupey | PR | 00926 | 0 | NA |
| 1230 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | Carretera #693 KM 1.5, Barrio Maguayo | Dorado | PR | 00696 | 0 | NA |
| 53 | Paramin Corp. | Sizzler USA Franchise, Inc. | 10315 Lakewood Blvd | Downey | CA | 90241 | 0 | NA |
| 442 | El Centro Sizzler, Inc. | Sizzler USA Franchise, Inc. | 707 North Imperial Avenue | El Centro | CA | 92243 | 0 | NA |
| 118 | Subtrac Inc. | Sizzler USA Franchise, Inc. | 1905 5th Street | Eureka | CA | 95501 | 0 | NA |
| 1210 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | Barrion Quebrada Fajardo - Fajardo, PR | Fajardo | PR | 00738 | 0 | NA |

Exhibit C, Page 2

| 429 | Brax Management, LLC | Sizzler USA Franchise, Inc. | 2105 S. Milton Road | Flagstaff | AZ | 86001 | 0 | NA |
|------|---------------------|---------------------------|---------------------|-----------|----|-------|---|----|
| 792 | SSJC Investments, LLC | Sizzler USA Franchise, Inc. | 3540 E. Route 66 | Flagstaff | AZ | 86004 | 0 | NA |
| 621 | Higgins/ Forbco Management Corp | Sizzler USA Franchise, Inc. | 9860 Sierra Avenue | Fontana | CA | 92335 | 0 | NA |
| 517 | GO Family Restaurants, LLC | Sizzler USA Franchise, Inc. | 9480 Warner Ave | Fountain Valley | CA | 92708 | 0 | NA |
| 839 | Franchise Investment Corp. | Sizzler USA Franchise, Inc. | 16275 Harbor Blvd | Fountain Valley | CA | 92708 | 0 | NA |
| 1236 | AAA Sizzle, Inc. | Sizzler USA Franchise, Inc. | 3101 Walnut Ave | Fremont | CA | 94538 | 0 | NA |
| 841 | Five Reese, Inc. | Sizzler USA Franchise, Inc. | 3121 West Shaw | Fresno | CA | 93711 | 0 | NA |
| 466 | Franchise Investment Corp. | Sizzler USA Franchise, Inc. | 1401 N  Harbor Blvd. | Fullerton | CA | 92835 | 0 | NA |
| 613 | TKM Restaurants, Inc | Sizzler USA Franchise, Inc. | 926 N. Highway 491 | Gallup | NM | 87301 | 0 | NA |
| 552 | Double S Foods, L.L.C. | Sizzler USA Franchise, Inc. | 1871 N 7th Street | Grants Pass | OR | 97526 | 0 | NA |
| 687 | Five Reese, Inc. | Sizzler USA Franchise, Inc. | 402 N Eleventh Ave | Hanford | CA | 93230 | 0 | NA |
| 1092 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | 525 F.D. Roosevelt Avenue - 3er Nivel, Local 311 | Hato Rey | PR | 00918 | 0 | NA |
| 316 | C Food Concepts | Sizzler USA Franchise, Inc. | 24107 Hesperian Blvd | Hayward | CA | 94545 | 0 | NA |
| 860 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 4762 W Florida Ave | Hemet | CA | 92545 | 0 | NA |
| 856 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 16988 East Main Street | Hesperia | CA | 92345 | 0 | NA |
| 660 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 2380 East 17th Street | Idaho Falls | ID | 83404 | 0 | NA |
| 1060 | Plaza International Restaurant Inc. | Sizzler USA Franchise, Inc. | 7602 Irlo Bronson Highway | Kissimmee | FL | 34747 | 0 | NA |
| 927 | Double S Foods, L.L.C. | Sizzler USA Franchise, Inc. | 2506 South 6th Street | Klamath Falls | OR | 97601 | 0 | NA |
| 409 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 23501 El Toro Road | Lake Forest | CA | 92630 | 0 | NA |
| 588 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 1171 North 400 West | Layton | UT | 84041 | 0 | NA |
| 439 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 1165 North Main Street | Logan | UT | 84321 | 0 | NA |
| 279 | Higgins/ W & J Higgins Investments, LLC | Sizzler USA Franchise, Inc. | 15 W  Del  Amo Blvd | Long Beach | CA | 90805 | 0 | NA |
| 374 | H and R 111 Foods, Inc | Sizzler USA Franchise, Inc. | 936 Ocean Beach Highway | Longview | WA | 98632 | 0 | NA |
| 392 | ARR, Inc. | Sizzler USA Franchise, Inc. | 10471 Los Alamitos Blvd | Los Alamitos | CA | 90720 | 0 | NA |
| 1205 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | Carretera #2 Km 50.0 - Local 36 - Bo Bajura Afuera | Manati | PR | 00674 | 0 | NA |
| 1237 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 1890 Daniels St | Manteca | CA | 95337 | 0 | NA |
| 1216 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | Rd. #2 KM 158.4 | Mayaguez | PR | 00680 | 0 | NA |
| 454 | Double S Foods, L.L.C. | Sizzler USA Franchise, Inc. | 700 Biddle Road | Medford | OR | 97504 | 0 | NA |
| 679 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 1334 West Olive Avenue | Merced | CA | 95348 | 0 | NA |
| 1215 | MFM Group, LLC | Sizzler USA Franchise, Inc. | 3380 North Eagle Road | Meridian | ID | 83642 | 0 | NA |
| 1231 | Mc Daniel Restaurant Group | Sizzler USA Franchise, Inc. | 1050 S Country Club Dr | Mesa | AZ | 85210 | 0 | NA |
| 549 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 3416 Dale Road | Modesto | CA | 95356 | 0 | NA |
| 124 | Alamo Trust | Sizzler USA Franchise, Inc. | 1908 W. Beverly Blvd. | Montebello | CA | 90640 | 0 | NA |
| 671 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 25035 Sunnymead Blvd | Moreno Valley | CA | 92553 | 0 | NA |
| 585 | Prestige Foods, Inc. | Sizzler USA Franchise, Inc. | 15900 Monterey Road | Morgan Hill | CA | 95037 | 0 | NA |
| 989 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 40489 Murrieta Hot Springs Road | Murrieta | CA | 92563 | 0 | NA |
| 434 | MFM Group, LLC | Sizzler USA Franchise, Inc. | 501 Caldwell Blvd. | Nampa | ID | 83651 | 0 | NA |
| 91 | KNSP Corporation | Sizzler USA Franchise, Inc. | 1501 Trancas St | Napa | CA | 94558 | 0 | NA |
| 250 | Double S Foods, L.L.C. | Sizzler USA Franchise, Inc. | 3390 Broadway | North Bend | OR | 97459 | 0 | NA |
| 879 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 3805 Plaza Dr | Oceanside | CA | 92056 | 0 | NA |
| 545 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 2228 S Mountain Ave | Ontario | CA | 91762 | 0 | NA |
| 43 | Bengal Tigers International | Sizzler USA Franchise, Inc. | 584 N. Tustin Ave | Orange | CA | 92867 | 0 | NA |
| 431 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 1240 South State | Orem | UT | 84057 | 0 | NA |
| 705 | Higgins/ Forbco Management Corp | Sizzler USA Franchise, Inc. | 6631 Clay Street | Pedley | CA | 92509 | 0 | NA |
| 970 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 91 West Nuevo Road | Perris | CA | 92571 | 0 | NA |
| 836 | Mc Daniel Restaurant Group | Sizzler USA Franchise, Inc. | 5060 W Indian School Road | Phoenix | AZ | 85031 | 0 | NA |
| 882 | C Food Concepts | Sizzler USA Franchise, Inc. | 1515 Fitzgerald Drive | Pinole | CA | 94564 | 0 | NA |
| 547 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 1000 Pocatello Creek Road | Pocatello | ID | 83201 | 0 | NA |
| 1147 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | 2050 Ponce by Pass, Suite 207 | Ponce | PR | 00731 | 0 | NA |
| 875 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 1385 S. University Ave | Provo | UT | 84601 | 0 | NA |
| 522 | AAA Sizzle, Inc. | Sizzler USA Franchise, Inc. | 1011 Veterans Blvd | Redwood City | CA | 94063 | 0 | NA |
| 228 | Double S Foods, L.L.C. | Sizzler USA Franchise, Inc. | 1156 N.W. Garden Valley Blvd. | Roseburg | OR | 97471 | 0 | NA |
| 691 | C Food Concepts | Sizzler USA Franchise, Inc. | 5815 Madison Ave | Sacramento | CA | 95814 | 0 | NA |
| 1219 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 2901 Advantage Way | Sacramento | CA | 95834 | 0 | NA |
| 1228 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 6009 Florin Rd | Sacramento | CA | 95823 | 0 | NA |

Exhibit C, Page 3

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1239 | C Food Concepts | Sizzler USA Franchise, Inc. | 1785 Challenge Way | Sacramento | CA | 95815 | 0 | NA |
| 305 | Double S Foods, L.L.C. | Sizzler USA Franchise, Inc. | 1151 Lancaster Drive NE | Salem | OR | 97301 | 0 | NA |
| 80 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 2111 S 1300 Street East (Sugarhouse) | Salt Lake City | UT | 84106 | 0 | NA |
| 142 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 3429 S Redwood Road | Salt Lake City | UT | 84119 | 0 | NA |
| 682 | Sharma/ BIM Investments, Inc. | Sizzler USA Franchise, Inc. | 1800 S Waterman Ave | San Bernardino | CA | 92408 | 0 | NA |
| 1213 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 4445 Imperial Avenue | San Diego | CA | 92113 | 0 | NA |
| 514 | Higgins/ Forbco Management Corp | Sizzler USA Franchise, Inc. | 101 N Village Court | San Dimas | CA | 91773 | 0 | NA |
| 425 | AAA Sizzle, Inc. | Sizzler USA Franchise, Inc. | 2910 Aborn Square | San Jose | CA | 95121 | 0 | NA |
| 1192 | Multi Systems Restaurants Inc. | Sizzler USA Franchise, Inc. | Fernandez Juncos Avenue, Pda 10.5 | San Juan | PR | 00901 | 0 | NA |
| 1206 | Swartz/ Haeng Cho Swartz | Sizzler USA Franchise, Inc. | 201 Davis Street | San Leandro | CA | 94577 | 0 | NA |
| 541 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 20 West 9000 South | Sandy | UT | 84070 | 0 | NA |
| 1229 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 11610 S. Main District Dr. | South Jordan | UT | 84095 | 0 | NA |
| 609 | Joe's LLC | Sizzler USA Franchise, Inc. | 615 East Prater Way | Sparks | NV | 89431 | 0 | NA |
| 96 | Double S Foods, L.L.C. | Sizzler USA Franchise, Inc. | 1010 Postal Way AKA Gateway | Springfield | OR | 97477 | 0 | NA |
| 1055 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 1862 East Hammer Land | Stockton | CA | 95210 | 0 | NA |
| 427 | Joe's LLC | Sizzler USA Franchise, Inc. | 10204 S. Tacoma Way | Tacoma | WA | 98499 | 0 | NA |
| 785 | General Procurement Inc | Sizzler USA Franchise, Inc. | 2880 Sepulveda Blvd | Torrance | CA | 90505 | 0 | NA |
| 420 | Joe's LLC | Sizzler USA Franchise, Inc. | 16615 Southcenter Parkway | Tukwila | WA | 98188 | 0 | NA |
| 1222 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 3101 Hotel Drive | Turlock | CA | 95380 | 0 | NA |
| 650 | Sizzling Platter, LLC | Sizzler USA Franchise, Inc. | 719 Blue Lakes Blvd. North | Twin Falls | ID | 83301 | 0 | NA |
| 298 | Sherman Way Restaurant Inc | Sizzler USA Franchise, Inc. | 16955 Sherman Way | Van Nuys | CA | 91406 | 0 | NA |
| 453 | SR 453 Inc | Sizzler USA Franchise, Inc. | 4017 E. Main ST. | Ventura | CA | 93003 | 0 | NA |
| 576 | Five Reese, Inc. | Sizzler USA Franchise, Inc. | 2121 W Caldwell | Visalia | CA | 93277 | 0 | NA |
| 361 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 1100 West Covina Parkway | West Covina | CA | 91790 | 0 | NA |
| 1040 | BMW Management, Inc. | Sizzler USA Franchise, Inc. | 872 Onstott Road | Yuba City | CA | 95991 | 0 | NA |

**EQUIPMENT LEASES**

| LESSOR | ASSUMING DEBTOR | CLAIM AS OF PETITON DATE | CURE CLAIM |
|---|---|---|---|
| US Bank Loan 2477928 | Sizzler USA, Inc. | 1,038.28 | 1,038.28 |
| US Bank Loan 2217723 | Sizzler USA, Inc. | 203.57 | 203.57 |
| US Bank Loan 2095116 | Sizzler USA, Inc. | 0.00 | 0.00 |
| Harbor Loan | Sizzler USA, Inc. | 0.00 | 0.00 |
| | | **1,241.85** | **1,241.85** |

**CONTRACTS/TRADE CREDITORS**

| VENDOR | ASSUMING DEBTOR | CLAIM AS OF PETITON DATE | CURE CLAIM |
|---|---|---:|---:|
| Ambiance Radio LLC | Sizzler USA Restaurants, Inc. | 1,215.00 | 1,215.00 |
| American Alarm systems, Inc. | Sizzler USA Restaurants, Inc. | 119.85 | 119.85 |
| Aramark Uniform Services | Sizzler USA Restaurants, Inc. | 1,186.34 | 1,186.34 |
| At&T Wireless | Sizzler USA Restaurants, Inc. | 1,252.60 | 1,252.60 |
| AT&T-5014 | Sizzler USA Restaurants, Inc. | 89.50 | 89.50 |
| Brinks Inc. | Sizzler USA Restaurants, Inc. | 8,540.35 | 8,540.35 |
| Consolidated Communication | Sizzler USA Restaurants, Inc. | 195.23 | 195.23 |
| Cort Business Services | Sizzler USA Restaurants, Inc. | 1,283.29 | 1,283.29 |
| Ecolab Inc | Sizzler USA Restaurants, Inc. | 13,007.94 | 13,007.94 |
| Ecolab Pest Elimination Divisi | Sizzler USA Restaurants, Inc. | 2,584.00 | 2,584.00 |
| Ecosure Inc | Sizzler USA Restaurants, Inc. | 18,518.57 | 18,518.57 |
| Esprigas | Sizzler USA Restaurants, Inc. | 788.92 | 788.92 |
| Fish Consulting | Sizzler USA Restaurants, Inc. | 6,500.00 | 6,500.00 |
| FISHBOWL INC | Sizzler USA Restaurants, Inc. | 5,807.44 | 5,807.44 |
| Jesse Dena dba Dena Air | Sizzler USA Restaurants, Inc. | 2,945.00 | 2,945.00 |
| Medcor Inc | Sizzler USA Restaurants, Inc. | 312.00 | 312.00 |
| Pepsi Cola | Sizzler USA Restaurants, Inc. | 1,118.86 | 1,118.86 |
| Pitney Bowes Global Financial | Sizzler USA Restaurants, Inc. | 78.98 | 78.98 |
| Pitney Bowes Inc | Sizzler USA Restaurants, Inc. | 742.94 | 742.94 |
| Property Works | Sizzler USA Restaurants, Inc. | 540.00 | 540.00 |
| Smartflex Media, Inc | Sizzler USA Restaurants, Inc. | 17,855.00 | 17,855.00 |
| Solutions Group | Sizzler USA Restaurants, Inc. | 7,252.01 | 7,252.01 |
| Sweet IQ | Sizzler USA Restaurants, Inc. | 3,525.57 | 3,525.57 |
| Sysco Los Angeles Inc | Sizzler USA Restaurants, Inc. | 933,226.28 | 933,226.28 |
| Sysco San Francisco Inc. | Sizzler USA Restaurants, Inc. | 49,740.67 | 49,740.67 |
| Take Care Lawn Service | Sizzler USA Restaurants, Inc. | 960.00 | 960.00 |
| The Dot Printer, Inc | Sizzler USA Restaurants, Inc. | 1,187.41 | 1,187.41 |
| The Gas Company | Sizzler USA Restaurants, Inc. | 3,753.79 | 3,753.79 |
| The Shredders | Sizzler USA Restaurants, Inc. | 39.00 | 39.00 |
| T-Mobile USA, Inc  DBA T-Mobil | Sizzler USA Restaurants, Inc. | 621.01 | 621.01 |
| Trustwave Holdings, Inc | Sizzler USA Restaurants, Inc. | 847.00 | 847.00 |
| Verizon-660108 | Sizzler USA Restaurants, Inc. | 436.25 | 436.25 |
| Wasserstrom Co Inc | Sizzler USA Restaurants, Inc. | 348.36 | 348.36 |
| | | **1,086,619.16** | **1,086,619.16** |