SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
JEANNIE KIM, Cal. Bar No. 270713
GIANNA SEGRETTI, Cal. Bar No. 323645
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
E mail    okatz@sheppardmullin.com
             jekim@sheppardmullin.com
             gsegretti@sheppardmullin.com

The following constitutes the order of the Court.
Signed: January 12, 2021

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>☐ SIZZLER USA ACQUISITION, INC., a Delaware corporation<br>☐ SIZZLER USA HOLDINGS, INC., a Delaware corporation<br>☐ SIZZLER USA FINANCE, INC., a Delaware corporation.<br>☐ WORLDWIDE RESTAURANT CONCEPTS, INC., a Delaware corporation<br>☐ SIZZLER USA, INC., a Delaware corporation<br>☐ SIZZLER USA FRANCHISE, INC., a Delaware corporation<br>☐ SIZZLER USA REAL PROPERTY, INC., a Delaware corporation<br>☐ SIZZLER USA RESTAURANTS, INC., a Delaware corporation<br>☒ ALL DEBTORS,<br><br>    Debtors and<br>    Debtors in Possession. | Case No. 20-30748<br><br>Jointly Administered with Case Nos. 20-30746, 20-51400, 20-51401, 20-51402, 20-51403, 20-51404, 20-51405<br><br>Chapter 11 Proceeding<br><br>**ORDER CONFIRMING DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION, DATED JANUARY 2, 2021**<br><br><u>Plan Confirmation Hearing</u>:<br>Date: January 5, 2021<br>Time: 10:15 a.m.<br>Place: Videoconference Hearing via Zoom<br>Judge: Hon. M. Elaine Hammond |

      On January 5, 2021, at approximately 10:15 a.m., this Court held a hearing (the "<u>Confirmation Hearing</u>") on confirmation of *Sizzler USA Acquisition, Inc., Sizzler USA Holdings,*

*Inc., Sizzler USA Finance, Inc., Worldwide Restaurant Concepts, Sizzler USA Inc., Sizzler USA Franchise, Inc., Sizzler USA Real Property, Inc., and Sizzler USA Restaurants, Inc.'s Second Amended Plan of Reorganization, Dated January 2, 2021* filed by Sizzler USA Acquisition, Inc. ("SUSAA"), Sizzler USA Holdings, Inc. ("SUSAH"), Sizzler USA Finance, Inc. ("SUSAFI"), Worldwide Restaurant Concepts ("WRC"), Sizzler USA, Inc. ("SUSA"), Sizzler USA Franchise, Inc. ("SUSAFR"), Sizzler USA Real Property, Inc. ("SUSARP"), and Sizzler USA Restaurants, Inc. ("SUSAR," and together with SUSAA, SUSAH, SUSAFI, WRC, SUSA, SUSAFR, and SUSARP (collectively, the "Debtors" or "Plan Proponents") on January 2, 2021, as Docket No. 114 (the "Plan")[1].

Appearing at the Confirmation Hearing were Ori Katz and Jeannie Kim of Sheppard, Mullin, Richter & Hampton, LLP for the Debtors, Mark M. Sharf on behalf of himself in his capacity as the duly-appointed Subchapter V Trustee (the "Trustee") in the above-captioned bankruptcy cases, Michael Lindsey of Steinbrecher & Span LLP for James A. and Carol L. Collins, individually and as trustees for The Collins Family Trust (collectively, "Collins"), and Evan Zucker of Blank Rome LLP for JPMorgan Chase Bank, N.A. ("JPMC").

The Court, having considered the Plan, all declarations, pleadings, and evidence submitted in support of the Plan; the *Trustee's Objections to Debtors' First Amended Chapter 11 Plan* filed by the Trustee on December 29, 2020, as Docket No. 108 (the "Trustee Objection"); the *Notice of Objection by Steve N. Kwak and Sook Hyan Kwak, Trustees of the 2010 Kwak Family Trust to Debtors' Plan of Reorganization* as Docket No. 111 (the "Kwak Objection"); all other relevant facts, pleadings, and evidence of record in the Debtors' Bankruptcy Cases; and the arguments of counsel at the Confirmation Hearing, issued detailed findings of fact and conclusions of law on the record at the Confirmation Hearing, which constitute the Court's findings of fact and conclusions

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Plan, the *Debtors' Omnibus Reply to: (1) Trustee's Objection to Debtors' First Amended Chapter 11 Plan; and (2) Notice of Objection by Steve N. Kwak and Sook Hyan Kwak, Trustees of the 2010 Kwak Family Trust to Debtors' Plan of Reorganization* filed by the Debtors on January 2, 2021, as Docket No. 115 (the "Reply"), and the *Memorandum of Points and Authorities in Support of Debtors' Second Amended Plan of Reorganization, Dated January 2, 2021* filed by the Debtors on January 2, 2021, as Docket No. 116 (the "Confirmation Brief").

of law for the purposes of Federal Rule of Bankruptcy Procedure 7052, as made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014, and which findings of fact and conclusions of law are incorporated herein by this reference.

For the reasons stated by the Court on the record at the Confirmation Hearing, and for good cause appearing therefore,

**IT HAS BEEN DETERMINED BY THE COURT THAT:**

**A.** **Jurisdiction and Venue.** This Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157. The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and venue of the Bankruptcy Case in the Northern District of California is proper under 28 U.S.C. § 1408.

**B.** **Notice of Confirmation Hearing.** Due and sufficient notice of the Confirmation Hearing has been provided under the circumstances and under applicable rules and consistent with the requirements imposed by this Court in its *Order Setting Confirmation Hearing and Related Deadlines* entered on November 25, 2020, as Docket No. 91 (the "Order Setting Confirmation Hearing").

**C.** **Voting on Plan.** The Order Setting Confirmation Hearing fixed December 29, 2020, at 4:00 p.m. Pacific Time as the deadline to submit ballots to accept or reject the Plan. The Plan Proponents have tabulated the ballots received, as evidenced by the *Declaration of Jeannie Kim Regarding Summary of Tabulation of Ballots for Accepting or Rejecting Chapter 11 Plan of Reorganization* filed on December 31, 2020, as Docket No. 113. As set forth therein, only one creditor, the Operating Company Affiliates of Sysco Corporation, submitted a ballot, voting to accept the Plan. No creditors voted to reject the Plan.

**D.** **Objections.** No formal objections other than the Trustee Objection and the Kwak Objection were filed, and no parties filed sur-replies or otherwise responded to the Reply except that the Trustee appeared and argued his positions at the Confirmation Hearing. The Court finds that the Kwak Family Trust, having failed to appear at the Confirmation Hearing, waived its rights

with respect to any further objections to the Plan beyond those raised in the Kwak Objection and with respect to any response to the Reply.

E. **Lease Rejection.** In response to the Kwak Objection, the Debtors properly asserted their right to reject that certain unexpired nonresidential real property lease of the premises commonly known as 710 S. Western Avenue, Los Angeles, California (the "7th & Western Lease") between SUSARP and the Kwak Family Trust. The Court further finds that the SUSARP has satisfied all of its postpetition obligations under the 7th & Western Lease and that the Debtors have no further postpetition obligations due and payable to the Kwak Family Trust. The Debtors shall vacate and surrender the premises under the 7th & Western Lease on or before January 6, 2021.

F. **Compliance with Confirmation Requirements of Bankruptcy Code Sections 1123, 1129, 1181, 1190 and 1191.** The Plan, as modified by this Confirmation Order, complies with the applicable requirements of sections 1123, 1129, 1181, 1190, and 1191 of the Bankruptcy Code, which set forth the conditions necessary for confirmation. In particular, the Plan is fair and equitable pursuant to Bankruptcy Code sections 1191(b) and (c). The Debtors' projected disposable income as described in the Plan is reasonable in light of the Plan Proponents' analysis of the Debtors' financial forecast, and the provisions of the Plan providing for the payment of the Debtors' projected disposable income to their general unsecured creditors over the five-year term of the Plan are consistent with the provisions of the Bankruptcy Code. The Court therefore finds that the Debtors are required to make payments under the Plan in the amount of the Debtors' projected disposable income as pledged under the Plan.

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in these Bankruptcy Cases, and the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED THAT:**

**A. Confirmation of the Plan**

1. The Plan and each of its provisions (whether or not specifically approved herein) is hereby APPROVED and CONFIRMED in all respects, as modified herein; *provided, however,*

that if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. All objections and responses to, and statements regarding, the Plan, to the extent that they have not been withdrawn, waived, or settled prior to the entry of this Confirmation order or are not cured by the relief granted herein, are hereby expressly overruled.

2. The Kwak Objection is OVERRULED in its entirety. The Debtors are authorized to reject the 7th & Western Lease retroactive to the Petition Date. The Debtors have no further obligation to the Kwak Family Trust on account of purported administrative claims that the Kwak Family Trust may assert. The Kwak Family Trust is authorized to file a claim for rejection damages as set forth in the Plan.

3. The Trustee Objection is OVERRULED IN PART, and SUSTAINED IN PART.

    a. The Trustee's appointment shall not be terminated as of the Effective Date of the Plan but he shall continue to serve in his role as the Subchapter V Trustee in the Debtors' Bankruptcy Cases as long as they remain open. The Trustee's continued involvement shall be limited to the administration of the Bankruptcy Cases, and the Trustee shall not have oversight over the Debtors' day-to-day management or business decisions unless and until the Debtors are in default under the Plan and/or the Debtor-in-Possession financing.

    b. The Debtors shall make all payments to their creditors as set forth in the Plan, until such time that the terms of the Plan, including the pledge of the Debtors' projected disposable income, are fully satisfied as set forth in the Plan.

**B.  Conditions Precedent**

4. Prior to, and as a condition precedent to the occurrence of the Effective Date of the Plan, and as set forth in the Debtors' Budget and financial projections, the Debtors shall send by wire transfer (the "Wire Transfers"): (a) an amount equal to at least $260,000 for professional fees to be paid to Sheppard, Mullin, Richter & Hampton, LLP ("Sheppard Mullin"); and (b) an amount equal to at least $60,000 for fees and expenses of the Trustee in this case. Sheppard

Mullin shall keep the funds paid to it pursuant to this paragraph in its client trust account and shall be authorized to draw down on these amounts in accordance with an order entered under Bankruptcy Code section 330 providing for the allowance and payment of its professional fees and expenses. The Trustee shall keep the funds paid to him pursuant to this paragraph in a bankruptcy estate account, and shall be authorized to pay himself from said bankruptcy estate account in accordance with an order under Bankruptcy Code section 330 providing for the allowance and payment of Trustee fees and/or expenses.

5. Prior to, and as a condition precedent to the occurrence of the Effective Date of the Plan, the following shall have occurred, by a date not later than January 12, 2020; *provided that* such deadline may be extended by up to 14 days with unanimous consent from Collins, the Debtors, and each of the SERP Beneficiaries: (a) the execution, by and between Collins and each of the SERP Beneficiaries, of a settlement agreement regarding the rights and remedies between them in connection with the SERP and the Guaranty, in a form acceptable to the parties thereto and the Plan Proponents; and (b) the execution, by and between Collins and the Debtors, of a settlement agreement regarding the claims, interests, rights, and remedies of Collins against the Debtors and the Debtors' defenses thereto (together, the "Collins Settlements").

6. Notwithstanding Bankruptcy Rule 3020(e), and to the extent applicable, Bankruptcy Rules 7062 and 9014, this Confirmation Order is not subject to any stay, and the Plan shall become effective at the option of the Debtors at any time in their sole discretion following (i) entry of this Confirmation Order, and (ii) satisfaction of the requirements set forth in the preceding paragraphs 4 and 5 of this Confirmation Order.

**C.     Treatment of JPMC's Claims**

7. The treatment of JPMC's claims against SUSAR, and the reservation of rights, as set forth in that *Stipulation to: (1) Establish Amount of JPMorgan Chase's Claim; and (2) Reserve Each of JPMorgan Chase's and Sizzler USA Restaurants, Inc.'s Rights and Remedies in Connection with the PPP Loan* (the "Stipulation") filed with the Court on January 5, 2021, as Docket No. 119, and approved by an order of the Court on January 6, 2021, as Docket No. 122,

are incorporated herein by this reference, and to the extent the Plan is inconsistent with the treatment set forth in the Stipulation, the Stipulation as incorporated herein shall control.

**D.    Successors and Assigns**

8. The terms of this Confirmation Order are binding on the Debtors, any and all holders of Claims and Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have acted or rejected the Plan), any and all non-debtor parties to Executory Contracts and Unexpired Leases with the Debtors and any and all entities who are parties to or are subject to the settlements, compromises, releases, discharges and injunctions set forth in the Plan and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

**E.    Vesting of Assets**

9. Except as otherwise provided in the Plan, this Confirmation Order, or the Stipulation, on and after the Effective Date, all property of the Debtors' estates, including all claims, rights and Causes of Action shall vest in the Debtors free and clear of all Claims, Liens, charges, other encumbrances, and Interests.  On and after the Effective Date, the Debtors may operate their business and may use, acquire, and dispose of Property and compromise or settle any Claims without supervision of or approval of the Bankruptcy Court free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by the Plan, this Confirmation Order, or the Stipulation.  Without limiting the foregoing, the Debtors may pay the charges that they incur on or after the Effective Date for professional fees, disbursements, expenses or related support services without application to the Bankruptcy Court.  If, however, any of the above-captioned bankruptcy cases are converted to one under chapter 7, or if the Trustee is ordered to perform the duties specified in section 704(a)(8) and/or paragraphs (1), (2), and (6) of section 1106(a) of this tile, including operating the business of any of the Debtors, the property of the reorganized Debtors or of any other successor to the estate under the plan, that has not been distributed under the plan, shall be vested in the chapter 7 estate or the Trustee as applicable.

**F. Executory Contracts and Unexpired Leases**

10. Except as otherwise provided in the Plan and this Confirmation Order, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, all remaining Executory Contracts and Unexpired Leases that exist between the Debtors and any Person shall be deemed rejected as of the Effective Date, except for any Executory Contract or Unexpired Lease (i) that has been assumed, assumed and assigned, or rejected pursuant to an order of the Bankruptcy Court entered prior to the Effective Date, (ii) as to which a motion for approval of the assumption, assumption and assignment, or rejection has been filed (including a motion seeking an order authorizing, but not directing, the Debtors to assume, assume and assign, or reject such Executory Contract or Unexpired Lease) prior to the Effective Date, (iii) agreed to be excluded from such rejection pursuant to stipulation with the Debtors, or (iv) that is identified in Exhibit C to the Plan as being excluded from such rejection. Any claims arising from the rejection of an Executory Contract or Unexpired Lease ("Rejection Claims") shall be classified in Class 3(d) under the Plan.

11. A Proof of Claim asserting a Rejection Claim shall be filed with this Court on or before the forty-fifth (45th) day after the entry of this Confirmation Order or be forever barred from assertion of any Rejection Claim against and payment from the Debtors.

**G. Preservation of Causes of Action**

12. In accordance with section 1123(b) of the Bankruptcy Code, except as otherwise provided in the Plan, the Debtors shall retain and may enforce all rights to commence and pursue, as appropriate, any and all claims and Causes of Action held by the Debtors and/or their estates, whether arising before or after the Petition Date. All such claims and Causes of Action, along with all rights, interests and defenses related thereto, shall vest with the Debtors post-confirmation.

13. Unless any Cause of Action against a Person is expressly waived, relinquished, exculpated, released, compromised or settled in the Plan or a Final Order, the Debtors specifically reserve all Causes of Action, for later adjudication. Therefore, no preclusion doctrine, estoppel (judicial, equitable or otherwise) or laches shall apply to any of the Causes of Action upon, after or

as a consequence of the confirmation, the Effective Date or consummation of the Plan. Nothing in this Order shall preclude any creditor or party in interest from raising as a defense to a Cause of Action asserted by the Debtors on any pre-confirmation claim or right to payment, even if such claim or right to payment was not asserted in a timely filed proof of claim.

14. Whether or not any Cause of Action is pursued or abandoned, Debtors reserve their rights to use any such Cause of Action defensively, including for the purposes of asserting a setoff or recoupment, or to object to all or part of any Claim pursuant to section 502(d) of the Bankruptcy Code or otherwise.

15. The Debtors shall have discretion to pursue or not to pursue, to settle or not to settle, to try or not to try, and/or to appeal or not to appeal all Causes of Action.

**H.  Actions in Furtherance of the Plan**

16. The Plan Proponents and the Debtors are authorized to: (a) take any and all such actions as may be necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms as modified by this Confirmation Order; and (b) execute any and all such documents and instruments as may be required to effectuate the Plan.

**I.  Releases**

17. Any releases contained in the Plan are approved in all respects. The commencement or prosecution by any entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released pursuant to the Plan are permanently enjoined.

**J.  Discharge of the Debtors**

18. Pursuant to section 1192 of the Bankruptcy Code and, except as otherwise provided in the Plan or in this Confirmation Order, the rights afforded and the payments and distributions to be made and the treatment under the Plan shall be in complete exchange for, and in full and unconditional settlement, satisfaction, discharge, and release of any and all existing debts and Claims and termination of all Interests of any kind, nature, or description whatsoever against or in the Debtor, the Reorganized Debtor, their property, the Debtors' assets, or their estates, and shall

effect a full and complete release, discharge, and termination of all Liens, security interests, or other claims, interests, or encumbrances upon all of the Debtors' assets and property.

**K.     Injunctions**

19.     Except as otherwise provided in the Plan or the Confirmation Order, all holders of Claims and Interests arising prior to the Effective Date shall be permanently barred and enjoined from asserting against the Debtors, or their successors or property, or the Debtors' assets, any of the following actions on account of such claim or interest: (i) commencing or continuing in any manner any action or other proceeding on account of such claim against or interest in the Debtors, or the property to be distributed under the terms of the Plan, other than to enforce any right to distribution with respect to such property under the Plan and/or to litigate to conclusion, including any appeals, any objection to a Claim or Interest; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtors or any of the property to be distributed under the terms of the Plan, other than as permitted under sub-paragraph (i) above; (iii) creating, perfecting, or enforcing any lien or encumbrance against property of the Debtors or any property to be distributed under the terms of the Plan; (iv) with the exception of the rights reserved by JPMC in the Stipulation and the Order dated January 6, 2021, approving the Stipulation, asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due the Debtors, their assets, or any other property of the Debtors, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing persons; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan and this Confirmation Order.  The foregoing discharge, release and injunction are an integral part of the Plan and are essential to its implementation.

**L.     Term of Injunctions or Stays**

20.     Unless otherwise provided in the Plan, all injunctions or stays provided for in the Bankruptcy Cases pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in

effect on the Confirmation Date, shall remain in full force and effect until the Effective Date, at which time they are replaced with the injunction set forth in Section I above.

**M.     Reference to and Validity and Enforceability of the Plan Provisions**

21.     The failure to reference any particular provision in the Plan in this Confirmation Order shall have no effect on the binding effect, enforceability or legality of such provision and such provision shall have the same binding effect, enforceability or legality as every other provision of the Plan.  Each term and provision of the Plan, as modified or interpreted by the Court, is valid and enforceable pursuant to its terms.

**N.     Notice of Entry of Confirmation Order**

22.     Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors are hereby directed to serve a notice of the entry of this Confirmation Order, and if it has occurred, the Effective Date, on all parties that received notice of the Confirmation Hearing, no later than 15 Business Days after the Confirmation Date; *provided, however,* that the Debtors shall be obligated to serve the Confirmation Notice only on the record holders of Claims and Interests.

**O.     Retention of Jurisdiction**

23.     This Court shall retain jurisdiction to the fullest extent permitted by the Plan and applicable law to enforce, implement, interpret and resolve issues and disputes with respect to the Plan and all matters related to the Plan.

**APPROVED AS TO FORM:**

Dated:  January 12, 2021

SUBCHAPTER V TRUSTEE

By     */s/ Mark M. Sharf*
            MARK M. SHARF

[*Additional Signatures on Following Page*]

Dated: January 8, 2021

                        STEINBRECHER & SPAN LLP

                        By        */s/ Michael Lindsey*
                                 MICHAEL LINDSEY

                        Attorneys for James A. and Carol L. Collins, individually and as trustees for The Collins Family Trust

Dated: January 11, 2021

                        BLANK ROME LLP

                        By        */s/ Jonathan Loeb*
                                 JONATHAN LOEB
                        REGINA STANGO KELBON (admitted *pro hac vice*)
                        EVAN ZUCKER (admitted *pro hac vice*)

                        Attorneys for JPMorgan Chase Bank, N.A.

                        **\*\*END OF ORDER\*\***

**Court Service List**

Registered ECF Participants only.